UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COGNEX CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: _____ |
| ) | 04 12365 JLT |
| JEAN CARON ) | |
| ) | |
| Defendant. ) | |
| MAGISTRATE JUDGE Alexander ) | |

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. TM
DATE 11/8/04

### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1441(a)

Defendant Jean Caron ("Caron") hereby removes to the United States District Court for the District of Massachusetts (the "District Court") the above-captioned matter, which is now pending in the Superior Court of the Commonwealth of Massachusetts in the county of Middlesex as Civil Action No. 04-3040.

As grounds for this removal, Caron states the following:

1. This is a civil action over which the District Court has original jurisdiction under 28 U.S.C. § 1332(a)(2), and which Caron is entitled to remove to the District Court pursuant to 28 U.S.C. §§ 1441(a).

2. This action is removed on the basis of diversity jurisdiction in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is a between a citizen of Massachusetts and a citizen of a foreign state. Although Caron denies that he has engaged in any unlawful or actionable conduct, Plaintiff alleges that it is entitled to injunctive relief and money damages because it has suffered and continues to suffer damage to its business and to its good will. Caron's salary from his

current position over the next two years (the period of time for which Cognex seeks to enjoin his employment) exceeds $75,000.  Moreover, Cognex seeks money damages from Caron for loss of business and good will which it has characterized in its pleadings as "palpable" and "inestimable."  Thus, more than $75,000, inclusive of interest and costs, is in controversy in this case.

3.  Plaintiff alleges that it is a Massachusetts corporation with its corporate headquarters and principal place of business in Massachusetts.  Complaint ¶ 1.  Cognex is a citizen of the Commonwealth of Massachusetts.

4.  Caron is a citizen of the nation of France and currently resides in Belgium.  *See also* Complaint ¶ 2.  For the purpose of 28 U.S.C. §§ 1332 and 1441(b), Caron is not a citizen of the Commonwealth of Massachusetts.

5.  Removal of this action is timely under 28 U.S.C. § 1446(b).  Although Caron has yet to be properly served under the terms of the Hague Convention of 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention")[1], a copy of papers related to this matter were delivered to him on October 13, 2004, by a bailiff in Plainevaux, Belgium.

---

[1]  Pursuant to Article 2 of the Hague Convention, each signatory state (which include the United States, France and Belgium), shall designate a "Central Authority" both to receive requests originating within its jurisdiction and to effect service of documents from other signatory states.  Article 3 of the Hague Convention requires that documents be presented to the Central Authority within the state where the documents originate to be forwarded to the Central Authority of the recipient state.  Pursuant to Articles 5 and 6 of the Hague Convention, a receiving Central Authority serves the document or arranges to have it served by an appropriate agency, then provides a certificate of service.

7. Based on the foregoing, Defendant Jean Caron hereby removes this action to the United States District Court for the District of Massachusetts.

Respectfully submitted,
JEAN CARON
By his Attorney(s),

_____
Sally L. Adams (BBO# 629688)
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

DATED: November 8, 2004

**Certificate of Service**
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by hand on November 8, 2004.

_____
Sally L. Adams

3