Tab A

# [TRANSLATION]

Decision #02724 of July 10, 2002
Supreme Court – Employment Law Chamber
Partial rescission without transfer to court of appeals

*Claimant(s)      : Mr. X...*
*Respondent(s)    Corporation Maine Agri*

**EMPLOYMENT AGREEMENT, TERMINATION – Non-Compete clause – Validity – Conditions**

*In accordance with the fundamental principal of freedom of work and with article L.120-2 of the Employment Law Code, a non-compete clause is lawful if it is indispensable for the protection of the company's legitimate interests, limited geographically and in duration, takes into consideration the specificity of the employee's work, and includes an obligation for the employer to financially compensate the employee, these conditions being cumulative (decisions #1, 2 and 3).*

**On the argument automatically examined by the court, regarding the violation of the fundamental principal of freedom of work, together with article L. 120-2 of the Employment Law Code:**

Whereas a non-compete clause is lawful only if it is indispensable for the protection of the company's legitimate interests, limited geographically and in duration, takes into consideration the specificity of the employee's work, and includes an obligation for the employer to financially compensate the employee, these conditions being cumulative; Whereas Mr. X... was hired on January 1, 1993, as shop manager, by Brossard, affiliated with the Maine Agri company; Whereas the employment agreement included a non-compete clause prohibiting the employee from starting his own business "for 2 years in the same sector in which the employer and the Brossard company are active"; whereas Mr. X... was terminated on August 30, 1996; whereas on May 10, 1997 he established his own business; whereas, based on a report drawn up by bailiff on November 18, 1997, the former employer filed a claim before the labor courts requesting that Mr. X... be ordered to pay damages in accordance with the terms of the contract in the event of a violation of the non-compete clause;

Whereas, to grant this request, the court of appeals, confirming the arguments retained by the labor courts, stated in essence, and contrary to the arguments put forth by Mr. X..., unless the applicable collective bargaining agreements provides otherwise, financial consideration is not a condition for the validity of a non-compete clause;

That, stating as it did, by declaring the non-compete clause that did not include financial consideration valid, the court of appeals violated the fundamental principal and legal text mentioned above;

Whereas, in accordance with article 627, paragraph 1 of the new Civil Procedure Code, the present rescission shall not mean a transfer to the lower courts to examine

# [TRANSLATION]

the question of the possible violation of the non-compete clause.

**THEREFORE:**

RESCINDS AND NULLIFIES the decision of June 6, 2000 rendered by the Court of Appeals of Angers, with regard to the violation of the non-compete clause;

DECLARES that there is no need to transfer the matter back to a lower jurisdiction;

DECLARES the request for indemnification for violation of the non-compete clause, request made by the Maine Aigri company, unfounded.

**Presiding:** Mr. Sargos
**Reporting:**   Mrs. Lemoine Jeanjean, Consular
**Deputy Public Prosecutor:** M. Kehrig

I, Mielle C. Nichols, do hereby declare as follows:

1.  I am an attorney licensed to practice law in Belgium, and of-counsel to the law firm of Seyfarth Shaw. I work at Seyfarth Shaw's Brussels, Belgium office, and am fluent in both French and English, meaning I can easily speak, read and write in both languages.

2.  The attached document is a true and accurate English translation of a decision rendered by the French Supreme Court, employment law chamber, on July 10, 2002 (decision #02724).

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was signed on Friday, November 5, 2004 in Brussels, Belgium.

_____
Mielle C. Nichols

Arrêt n° 02724 du 10 Juillet 2002
Cour de cassation - Chambre sociale
Cassation partielle sans renvoi

*Demandeur(s) à la cassation   Mr X*
*Défendeur(s) à la cassation   Société Maine Agri*

**CONTRAT DE TRAVAIL, RUPTURE - Clause de non-concurrence - Validité - Condition.**

*Conformément au principe fondamental de libre exercice d'une activité professionnelle et à l'article L 120-2 du Code du travail, une clause de non-concurrence n'est licite que si elle est indispensable à la protection des intérêts légitimes de l'entreprise, limitée dans le temps et dans l'espace, qu'elle tient compte des spécificités de l'emploi du salarié et comporte l'obligation pour l'employeur de verser au salarié une contrepartie financière, ces conditions étant cumulatives (arrêts n°s 1, 2 et 3)*

**Sur le moyen relevé d'office, pris de la violation du principe fondamental de libre exercice d'une activité professionnelle, ensemble l'article L. 120-2 du Code du travail :**

Attendu qu'une clause de non-concurrence n'est licite que si elle est indispensable à la protection des intérêts légitimes de l'entreprise, limitée dans le temps et dans l'espace, qu'elle tient compte des spécificités de l'emploi du salarié et comporte l'obligation pour l'employeur de verser au salarié une contrepartie financière, ces conditions étant cumulatives ; Attend que M. X... a été engagé le 1er janvier 1993, en qualité de responsable de magasin, par la société Brossard, aux droits de laquelle vient la société Maine Agri ; que le contrat de travail comportait une clause de non-concurrence interdisant au salarié de s'installer à son compte "pendant 2 ans dans la même branche d'activité et dans le secteur d'activité des Etablissements Brossard" ; que M. X... a été licencié le 30 août 1996 ; qu'il a créé une entreprise le 10 mai 1997 ; que, se fondant sur un constat d'huissier établi le 18 novembre 1997, l'ancien employeur a saisi la juridiction prud'homale aux fins de condamnation de M. X... au paiement de l'indemnité contractuelle prévue en cas de violation de la clause de non-concurrence ;

Attendu que pour faire droit à cette demande, la cour d'appel, statuant par motif adopté du conseil de prud'hommes, a retenu, essentiellement, que, contrairement à ce qui était allégué par M. X..., sauf si la convention collective le prévoit, l'existence d'une contrepartie pécuniaire n'est pas une condition de validité de la clause de non-concurrence ;

Qu'en statuant comme elle l'a fait, en déclarant licite la clause de non-concurrence qui ne comportait pas de contrepartie financière, la cour d'appel a violé le principe ci-dessus énoncé et le texte susvisé ;

Et attendu qu'il y a lieu de faire application de l'article 627, alinéa 1, du nouveau Code de procédure civile, la cassation encourue n'impliquant pas qu'il soit à nouveau statué au fond du chef de la violation de la clause de non-concurrence ;

**PAR CES MOTIFS :**

CASSE ET ANNULE, en ses dispositions relatives à la violation de la clause de non-concurrence, l'arrêt rendu le 6 juin 2000, entre les parties, par la cour d'appel d'Angers;

DIT n'y avoir lieu à renvoi ;

REJETTE la demande d'indemnité pour violation de la clause de non-concurrence de la société Maine Agri.

**Président : M. Sargos**
**Rapporteur : Mme Lemoine Jeanjean, conseiller**
**Avocat général : M. Kehrig**

**Tab B**

# [TRANSLATION]

FIRM OF FREDDY SAUVAGE & BERNARD VIDICK
BAILIFFS
RUE MIVILLE 6 – 4101 JEMEPPE

Tel: 04/231.14.24          FAX: 04/233.78.91          BBL:340-0297775-23
OFFICES OPEN STARTING AT 2PM TO 4PM OR ON SCHEDULED APPOINTMENTS

File# B052270                                                                 Page 1

## DELIVERY OF DOCUMENT

Year two thousand and four, *October 13*

At the request of:

The Company **COGNEX CORPORATION**, One Vision Drive, Natick, MA 01760-2059, USA;

Electing domicile for purposes of this delivery, at the address of the bailiff's office.

I, the undersigned, *Freddy SAUVAGE*, Bailiff, established at 4101 Jemeppe-sur-Meuse, Rue Miville 6;

Delivered to:

Mr *Jean, George Aimé Caron*, born on April 12, 1967 at Amiens/France, residing at 4122 Plainevaux, Rue de l'Arbois 8;

Where I spoke to *him personally*

Who initials the original acknowledging receipt.

[TEXT CROSSED OUT]

The following documents: *ORIGINALS*

Documents in English:

1. Plaintiff's Application for Preliminary Injunction Pursuant to Mss. R. Civ.P. 65;
2. Complaint;
3. Plaintiff's Memorandum in Support of Application for Preliminary Injunction;
4. Proposed Preliminary Injunction;
5. Plaintiff's Motion for ex Parte temporary Restraining Order Pursuant to mass.R.Civ.P.65(a)
6. Civil Action Cover Sheet;
7. Civil Action Cover Sheet Instructions;
8. Temporary Restraining Order;
9. Summons and Restraining Order;
10. Exhibit "A" to Complaint;

[TRANSLATION]

11. Exhibit "A" to Plaintiff's Memorandum in Support of Application for Preliminary Injunction;
12. Exhibit "B" to Plaintiff's Memorandum in Support of Application for Preliminary Injunction;
13. Certified Copy of the Proposed Extension for Temporary Restraining Order;
14. Certification of Translation dated August 18, 2004;
15. Certification of Translation August 17, 2004;
16. Attachments to Exhibit B to Plaintiff's Memorandum in Support of Application for Preliminary Injunction;

Documents in French:

1. Plaintiff's Application for Preliminary Injunction Pursuant to Mss. R. Civ.P. 65;
2. Complaint;
3. Plaintiff's Memorandum in Support of Application for Preliminary Injunction;
4. Proposed Preliminary Injunction;
5. Plaintiff's Motion for ex Parte temporary Restraining Order Pursuant to mass.R.Civ.P.65(a)
6. Civil Action Cover Sheet;
7. Civil Action Cover Sheet Instructions;
8. Temporary Restraining Order;
9. Summons and Restraining Order;
10. Exhibit "A" to Complaint;
11. Exhibit "A" to Plaintiff's Memorandum in Support of Application for Preliminary Injunction;
12. Exhibit "B" to Plaintiff's Memorandum in Support of Application for Preliminary Injunction;
13. Proposed extension of Temporary Restraining Order

Following which I prepared this report of delivery, the original to be returned to **COGNEX CORPORATION**, One Vision Drive, Natick, MA 01760-2059, USA

Having proceeded with this service in accordance with article IV of the Protocole attached to the Agreement between member States of the European Community governing jurisdiction and enforcement of decisions in civil and commercial litigations, signed in Brussels, on September 27, 1968, as well as in accordance with the provisions of the Agreement between Belgium and the Grand Duchy of Luxembourg, reached by exchange of letters dated in Brussels, March 11 and 19, 1974.

And to ensure that the party being served understands, I read and provided him with a copy of this document, in accordance with applicable laws, in a sealed envelop.

AS REPORTED

Cost:   602,52 Euros to be potentially increased by the cost of certified mail.

/S/

I, Mielle C. Nichols, do hereby declare as follows:

1.  I am an attorney licensed to practice law in Belgium, and of-counsel to the law firm of Seyfarth Shaw. I work at Seyfarth Shaw's Brussels, Belgium office, and am fluent in both French and English, meaning I can easily speak, read and write in both languages.

2.  The attached document is a true and accurate English translation of a document delivered on October 13, 2004, by Bailiff Freddy Sauvage to Mr. Jean George Aimé Caron.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was signed on Thursday, November 4, 2004 in Brussels, Belgium.

_____
Mielle C. Nichols

ETUDE DE MAITRES FREDDY SAUVAGE & BERNARD VIDICK
HUISSIERS DE JUSTICE
RUE MIVILLE 6 - 4101 JEMEPPE

TT. : 04/231.14.24    FAX : 04/233.78.91    BBL : 340-0297775-23
BUREAUX OUVERTS DE 14 A 16H. ET SUR RENDEZ-VOUS

Dossier : /B052270    Feuillet n° 1

## ACTE DE REMISE



L'an deux mille quatre, le *treize octobre*

A la requête de :

La Société **COGNEX CORPORATION**, One Vision Drive, Natick, MA 01760-2059, USA;

Elisant domicile aux fins des présentes en l'étude de l'huissier de justice requérant.

Je soussigné *Freddy* SAUVAGE Huissier de Justice, de résidence à 4101 Jemeppe-sur-Meuse, Rue Miville, 6

Ai remis à :



Monsieur *Jean, Georges Aimé Caron*, né(e) le 12/04/1967 à Amiens/France, domicilié à 4122 Plainevaux, Rue de l'Arbois, 8;

ou étant et parlant à *sa belsoeur*

ainsi déclaré, qui ne vise pas l'original pour réception.

Attendu que l'exploit n'a pu être signifié comme il est dit aux articles 33 à 35 du Code Judiciaire, j'en (art 43 du Code Jud.) ai laissé une copie à l'adresse prémentionnée du destinataire, conformément à l'article 38 §1 du même Code à ......h......, lui signifiant que je lui adresserai une lettre sous pli recommandé à la poste pour l'informer de la possibilité de retirer une copie conforme de cet exploit en mon étude, dans un délai maximum de trois mois dater de la signification. R.A.

```
FF    :101,63
DINF  : 21,42
DCOP  :427,20
PC    :  8,11
VACS  :  9,16
      -------
DR    :567,52

TIMB  : 10,00
ENR   : 25,00
      -------
DB    : 35,00
DR    :567,52
      -------
TOTAL:602,52

LERC  :  4,50
      -------
TOTAL:607,02
```

Les pièces suivantes : EN ORIGINAL

Documents en Anglais :
1. Plaintiff's Application for Preliminary Injunction Pursuant to Mass.R.Civ.P.65 ;
2. Complaint;
3. Plaintiff's Memorandum in Support of Application for Preliminary Injunction;
4. Proposed Preliminary Injunction;
5. Plaintiff's Motion for Ex Parte temporary Restraining Order Pursuant to mass.R.Civ.P.65(a);
6. Civil Action Cover Sheet;
7. Civil Action Cover Sheet Instructions
8. Temporary Restraining Order;
9. Summons and Restraining Order;
10. Exhibit "A" to Complaint;
11. Exhibit "A" to Plaintiff's Memorandum in Support of Application for Preliminary Injunction;
12. Exhibit "B" to Plaintiff's Memorandum in Support of Application for Preliminary Injunction;
13. Certified Copy of the Proposed Extension for Temporary Restraining Order;

MM

14. Certification of Translation dated August 18, 2004;
15. Certification of Translation August 17, 2004;
16. Attachments to Exhibit B to Plaintiff's Memorandum in Support of Application for Preliminary Injunction.

Documents en Français:

1. Demande d'injonction préliminaire par le plaignant conformément à l'article Mass.R.CIV.P.65;
2. Plainte;
3. Exposé du plaignant appuyant sa requête d'injonction préliminaire;
4. Proposition d'injonction préliminaire;
5. Requête du plaignant pour l'obtention d'une ordonnance restrictive temporaire ex parte conformément à Mass.R.CIV.P.65(a);
6. Action civile page titre;
7. Page titre d'action civile, instructions;
8. Ordonnance restrictive temporaire;
9. Sommation et ordonnance restrictive;
10. Annexe A à plainte;
11. Annexe A à: Exposé du plaignant appuyant sa demande d'injonction préliminaire;
12. Annexe B à: Exposé du plaignant appuyant sa demande d'injonction préliminaire;
13. Prolongation proposée d'ordonnance restrictive temporaire.

De tout quoi, j'ai dressé le présent acte de remise dont l'original sera retourné la Société **COGNEX CORPORATION**, One Vision Drive, Natick, MA 01760-2059, USA.

Faisant cette signification conformément aux dispositions de l'article IV du Protocole annexé à la Convention entre les Etats membres de la Communauté Economique Européenne relative à la compétence judiciaire et à la mise à exécution de décisions en matières civile et commerciale signée à Bruxelles le 27 septembre 1968 ainsi que conformément aux dispositions de l'Accord entre la Belgique et le Grand Duché de Luxembourg conclu par échange de lettres datées de Bruxelles des 11 et 19 mars 1974.

Et pour que la partie signifiée n'en ignore, je lui ai laissé étant et parlant comme dit-est la copie du présent remise conformément à la loi avec elle y vanté le tout sous pli fermé s'il échet.

DONT ACTE.

Coût : 602,52 Eur à majorer des frais éventuels de lettre recommandée.

