UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

COGNEX CORPORATION, )
      Plaintiff, )
  )
v. )    CIVIL ACTION NO. 04 12365 JLT
  )
JEAN CARON, )
      Defendant. )
  )

## AFFIDAVIT OF VALERIE RYDER

I, Valerie Ryder, being first duly sworn, do hereby depose and state as follows:

1. I make this Affidavit in opposition to Defendant's, Jean Caron's, Motion to Dismiss.

2. I was employed by Cognex International, Inc., a wholly owned subsidiary of Plaintiff, Cognex Corporation [collectively, "Cognex"], from September, 1996 to April, 2003. During that time I held the following positions: Controller of Cognex Europe (n/k/a Cognex International, Inc.) from September, 1996 to January, 2000, and Director of Finance and Administration for Cognex Europe from January, 2000 to April, 2003.

3. Part of my duties while employed by Cognex Europe were to administer many of the Human Resources responsibilities for Cognex Europe, including interviewing prospective job candidates, and meeting with new employees to discuss and sign hiring documents such as payroll documents and the Cognex Employee Invention, Non-Disclosure and Non-Competition Agreement (the "Employment Agreement").

4. During my employment with Cognex, English was widely used; most of Cognex's technical documentation is written in English, meetings (both technical and non-technical) were regularly held in English, and communications within Cognex regarding company news,

1

events, policies, etc. were mostly in English. In fact, most communications I sent out within the course of my duties were in English.

5. On or around March 16, 1998 I met with Jean Caron to discuss his Employment Agreement and to witness his signature on it.

6. The Employment Agreement, which is written in English, contains two exhibits. The first is a sample list of Cognex competitors intended to guide employees as to who Cognex's competitors are. The second exhibit allows new employees to describe their previous experience with machine vision so as to identify what knowledge the employee possesses when he/she joins Cognex. It should have been clear to Caron that the Employment Agreement and the French agreement were not intended to be translations of each other because the French agreement contains no such exhibits, among other clearly differentiating factors.

7. In fact, as part of his Employment Agreement Caron submitted to Cognex a completed Exhibit 2 describing his prior experience and base of knowledge with machine vision technology. As he admitted in his Affidavit (paragraph 14), Caron completed this "Exhibit 2" – in clearly well written English – by himself.

8. Although I cannot recall any specific conversation about the Employment Agreement, it was my common practice to discuss the documentation with each new employee and to answer any questions he/she may have. I always made myself very available and accessible for any employee who had questions or concerns.

9. I cannot recall Jean Caron voicing any specific objections or concerns about the Employment Agreement.

10. During the five years that our employment overlapped, I had various occasions to evaluate Jean Caron's English language ability. Over the time that I have known him, he has indeed been very proficient with the English language. I never observed that he had any problem understanding either written or spoken English.

11. I am an American woman, originally from Massachusetts. I moved to Europe in 1988. As English as my first language, it was easy for me to assess Caron's ability to understand and comprehend English. Conversely, I also can read, write and speak the French language fluently.

12. I have read the relevant parts of the *"Memorandum of Law in Support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Forum Non Conveniens, or Improper Service"* and the *"Affidavit of Jean Caron in Support of Defendant's Motion to Dismiss"* and make the following comments:

    - A discrepancy exists between Paragraph 3 of the French version of Caron's affidavit and the translated English version of Caron's affidavit: In the French version Caron states only that he does not *speak* English fluently, but the English translation states that he does "not speak or read English fluently".

    - As a matter of practice during my employment with Cognex, Cognex provided employment documents, such as employment agreements, to its prospective employees prior to the commencement of their employment. This allowed the prospective employee the opportunity to review the documents and voice any questions or concerns. If he/she had any questions or concerns about the documents, then he/she had the opportunity to discuss these with Cognex prior to beginning his/her work. Cognex then asked the employee to sign these documents prior to beginning, or on, his/her first day of employment.

    - As such, Cognex would have done nothing to mislead Mr. Caron to believe that the "English Agreement" (as referred to by Caron in his Affidavit) presented to him upon the commencement of his employment was a translation of the French employment agreement. In fact, as a matter of practice, I made a point to explain to prospective employees the purpose and nature of each agreement.

- Contrary to the assertion by Caron at page 8 of his Memorandum, again, Mr. Caron had sufficient opportunities to express concern with the employment agreements and to ask questions that would "[allow] him to come to an understanding of its contents."

Signed under the pains and penalties of perjury this 1st day of December, 2004.

/s/ Valerie Ryder
Valerie Ryder