UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
COGNEX CORPORATION,            )
       Plaintiff,            )
                               )
   v.                          )   CIVIL ACTION NO. 04 12365 JLT
                               )
JEAN CARON,                    )
       Defendant.            )
_____)

### AFFIDAVIT OF ALAIN DUFLOT

I, Alain Duflot, being first duly sworn, do hereby depose and state as follows:

1. I make this Affidavit in opposition to Defendant's, Jean Caron's, Motion to Dismiss.

2. I have been employed by Cognex International, Inc. since April 1st 1997. Cognex International, Inc. is a wholly owned subsidiary of Plaintiff, Cognex Corporation [collectively, "Cognex"]. During my employment with Cognex I have held the following positions: From 1997 to 1999 I was a Senior Vision Solutions Engineer, from 1999 to 2002, I was Vision Solutions Manager, and from 2002 to the present I have been a Customer Satisfaction Manager. At all times during my Cognex employment I have worked out of Cognex's offices in Rueil-Malmaison, France.

3. Although I was not Jean Caron's ("Caron") primary manager when he began his employment with Cognex, I did possess some supervisory responsibilities over him at that time. However, on 1999, I became his primary manager.

4. I have read Caron's affidavit submitted in this case. Paragraph 9 of his affidavit states that I met with Caron on his first day of employment with Cognex and presented him with documents to sign. I do not recall doing this.

5. However, I would not have – as Caron asserts in his affidavit – said or done anything to mislead him to believe that the Cognex Employee Invention Non-Disclosure and Non-

1

        Competition Agreement, which is written in English, was a direct translation of the "Contrat de Travail", which is a French employment agreement. I have always known these to be completely separate agreements and would not have represented to anyone that they were anything but that. I said nothing to Caron that should have led him to believe that the Employment Agreement was intended to be a translation of the French Agreement.

6. When Caron began his employment with Cognex his English language skills were good. In fact, his English language skills were certainly good enough for him to understand the technical documentation relating to Cognex's software products which are always written in English and which Caron needed to use every day as part of his job.

7. His English skills, although not perfect, were certainly good enough that he should have been able to read and understand the Employment Agreement.

Signed under the pains and penalties of perjury this 3rd day of December, 2004.

                                                       /s/ Alain Duflot
                                                       Alain Duflot