UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COGNEX CORPORATION <br><br> Plaintiff, <br><br> v. <br><br> JEAN CARON <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 04-12365 JLT |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR RECONSIDERATION
AND REQUEST FOR PRELIMINARY HEARING**

Fed. R. Civ. P. 12(d) provides in part that motions to dismiss for lack of personal jurisdiction may be "heard and determined before trial on application of any party… ." Defendant Jean Caron ("Mr. Caron") respectfully requests that this Court schedule a preliminary hearing and reconsider its decision to deny his Motion To Dismiss For Lack Of Personal Jurisdiction, Forum Non Conveniens, Or Improper Service. As grounds for his Motion, Mr. Caron states as follows:

**I.    The Intermediate Evidentiary Standard Should Be Applied To Evaluate Mr. Caron's Motion To Dismiss, And The Court Should Schedule A Preliminary Hearing To "Hear And Determine" Personal Jurisdiction.**

Contrary to plaintiff's assertion to this Court, the prima facie standard is not the only method of determining a 12(b)(2) motion.[1] *See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Forum Non Conveniens, Or Improper Service* ("Plaintiff's Opposition") at 4. The Court of

Appeals for the First Circuit has outlined <u>three</u> different acceptable methods of determining a 12(b)(2) motion, each of which utilizes a different evidentiary standard to determine the adequacy of the "showing" required by the plaintiff to survive the defendant's motion to dismiss. The First Circuit identified one of those acceptable methods as an intermediate evidentiary standard, which allows a "middle course by engaging in some differential factfinding, limited to probable outcomes as opposed to definitive findings of fact, thereby skirting potential preclusionary problems while at the same time enhancing the courts' ability to weed out unfounded claims of jurisdiction. … This showing constitutes an assurance that the circumstances justify imposing on a foreign defendant the burdens of trial in a strange forum, but leaves to the time of trial a binding resolution of the factual disputes common to both the jurisdictional issue and the merits of the claim." *Foster-Miller, Inc*. v. *Babcock & Wilcox Canada*, 46 F.3d 138, 146 (1st Cir. 1995).

Determining personal jurisdiction under the intermediate evidentiary standard is appropriate when circumstances make it unfair to force an out-of-state defendant to incur the expense and burden of a preliminary hearing or trial on the merits in the local forum without first requiring more of the plaintiff than a prima facie showing. *Boit* v. *Gar-Tec Products, Inc.*, 967 F.2d 671, 676 (1st Cir. 1992). The Court, at its discretion, may schedule a preliminary hearing to "hear and determine" a motion to dismiss, and all relevant evidence proffered by the parties is considered; the Court may weigh evidence and make findings about whether plaintiff has made a showing as to each jurisdictional fact. *Id*.

---

[1] Plaintiff also failed to provide this Court with an accurate description of the prima facie standard. *See* pp.

The circumstances of this case call for a preliminary hearing. Mr. Caron is a French citizen whose ability to understand English is limited. He was employed in France by a French-based subsidiary of Cognex, and now lives and works in Belgium. Plaintiff seeks to compel Mr. Caron to substantially limit his ability to maintain gainful employment for a two year period. It would be unfair to require Mr. Caron, an individual defendant, to defend his ability to work for the next two years, and to face the expense and burden of defending a case in a distant forum with which he has no connection and in a language he does not fully understand, based on a mere prima facie standard (particularly where, as here, plaintiff has relied on conclusory allegations and assertions in its memorandum that are unsupported by the underlying affidavits on which it purports to rely). *Ticketmaster-New York, Inc.* v. *Alioto*, 26 F.3d 201, 203 (1st Cir. 1994).

## II.     A Hearing On Mr. Caron's Motion To Dismiss Will Permit Him An Opportunity To Address Plaintiff's Misrepresentation Of The Prima Facie Standard.

At a minimum, even if the Court does not schedule a preliminary hearing to "hear and determine" personal jurisdiction, the Court should grant Mr. Caron's request for a hearing made in his Motion to Dismiss, to afford him an adequate opportunity to address plaintiff's misrepresentation to the Court of the prima facie standard. In Plaintiff's Opposition, plaintiff suggested that the Court need only consider the "specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim." The prima facie standard, however, also requires the Court to then "…add to the mix facts put forward by the [defendant], to the extent that they are uncontradicted." *Massachusetts School of Law*

---

3-4, *infra*.

v. *American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998).  The plaintiff's burden is to "present plausible evidence tending to show that the court has jurisdiction."  *Boit* v. *Gar-Tec Products, Inc*., 967 F.2d at 675.  The Court is not required to "credit conclusory allegations or draw farfetched inferences," however.  *Workgroup Tech. Corp*. v. *MGM Grand Hotel*, 246 F. Supp. 2d 102, 108 (D. Mass. 2003), quoting *Ticketmaster*, 26 F.3d at 203.

If the Court initially determined that plaintiff met a prima facie showing on the basis of the purported consent to jurisdiction in the English "Employee Invention, Non-Disclosure and Non-Competition Agreement," a hearing also will permit Mr. Caron the opportunity to present the Court with a translated copy of the French labor code, Article L.121-1(2), which requires that an employment agreement must be in French, if the duties are to be performed in France, in order to be enforceable.  In the event that the Court determined that plaintiff met a prima facie showing of specific personal jurisdiction (general jurisdiction having not been asserted by plaintiff) on the basis of affidavits submitted, a hearing will permit Mr. Caron the opportunity to argue the areas where plaintiff's affidavits fail to meet the minimum, mandatory requirements for admissibility and draw farfetched inferences; where Plaintiff's Opposition makes conclusory allegations and assertions unsupported by the affidavits; and where plaintiff otherwise failed to meet the minimum standards of personal jurisdiction applicable to a breach of contract case.  *See Phillips Exeter Academy* v. *Howard Phillips Fund, Inc*., 196 F.3d 284, 289 (1st Cir. 1999) (ruling that in determining personal jurisdiction, a court must look to the elements of the cause of action and ask whether the defendant's contacts with the forum were instrumental either in the formation of the contract or in its breach).

## III. Conclusion.

For the foregoing reasons, defendant Jean Caron respectfully requests that this Court schedule a preliminary hearing pursuant to Fed. R. Civ. P. 12(d) and reconsider its decision to deny his Motion To Dismiss For Lack Of Personal Jurisdiction, Forum Non Conveniens, Or Improper Service.

        Respectfully submitted,
        JEAN CARON
        By his Attorney(s),


        _/s/   Sally L. Adams_____
        Sally L. Adams (BBO # 629688)
        SEYFARTH SHAW LLP
        World Trade Center East
        Two Seaport Lane, Suite 300
        Boston, MA 02210-2028
        Telephone:     (617) 946-4800
        Telecopier:     (617) 946-4801

DATED:  January 14, 2005