UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COGNEX CORPORATION,      )<br>          Plaintiff,       )<br>                    )<br>v.                 )<br>                    )<br>JEAN CARON,           )<br>          Defendant.      )<br>                    ) | CIVIL ACTION NO. 04 12365 JLT |

### PLAINTIFF'S MOTION TO SHOW CAUSE AND FOR ORDER
### OF CIVIL CONTEMPT AND REQUEST FOR ORAL ARGUMENT

The Plaintiff, Cognex Corporation ["Cognex"], moves this Court to require that the Defendant, Jean Caron ["Caron"], appear and show cause why he should not be adjudged in Contempt of Court for his admitted, willful and continued violations of a Preliminary Injunction.

In support of this Motion, Cognex states as follows:

1.  Cognex commenced an action against Caron in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Middlesex County ["Middlesex Superior Court"] on August 2, 2004, seeking injunctive relief to enforce restrictive covenants against Caron in connection with his prior employment by Cognex.

2.  Cognex obtained a Temporary Restraining Order against Caron, restraining and enjoining him from, inter alia, "engaging or accepting employment with any business competitive with Cognex, including but not limited to Euresys, S.A.." A copy of the Temporary Restraining Order is included in Cognex's Appendix filed simultaneously herewith.

3.  By his own admission, Caron began work for Euresys, S.A. ["Euresys"] -- a direct Cognex competitor -- on October 1, 2003. See Affidavit of Jean Caron dated November 5, 2004

["Caron Affidavit"], ¶¶ 30, 31.[1] Upon information and belief, Caron remains employed by Euresys as of the present date.

4. The Middlesex Superior Court extended the Temporary Restraining Order on August 11, 2004, and again on October 25, 2004 -- without opposition from Caron.

5. It is undisputed that the Temporary Restraining Order (dated August 2, 2004) and the August 11, 2004 extension of said Order were served on Caron in hand on October 8, 2004. Caron was also served with a copy of the second extended Temporary Restraining Order (dated October 25, 2004). Accordingly, Caron had actual notice of the injunction.

6. After receiving notice of the Temporary Restraining Order (and each extension), and despite the clear and unambiguous language of the injunction, Caron remained (and remains) employed by Euresys. He admitted his continued employment by a direct Cognex competitor in his Affidavit dated November 5, 2004 – nearly one full month after having received notice of the issuance of the Temporary Restraining Order. See Caron Affidavit, ¶¶ 30, 31.

7. The extended order expressly provides that the "Temporary Restraining Order issued on August 2, 2004, and extended on August 11, 2004, shall be extended for a period of two (2) weeks, until November 16, 2004, <u>or until a hearing is conducted on Plaintiff's Application for Preliminary Injunction, whichever is later</u>." (Emphasis supplied). As a hearing has not been conducted on Plaintiff's Application for Preliminary Injunction, by its terms, the Temporary Restraining Order has not expired. Nor has Caron filed any pleading requesting that

---

[1] A copy of the Caron Affidavit, filed by Caron in support of his Motion to Dismiss for Lack of Personal Jurisdiction, is included in Cognex's Appendix.

the injunction be dissolved or modified in any way. A copy of the Extension of Temporary Restraining Order, dated October 25, 2004, is included in Cognex's Appendix.

8. Caron did not at any point between October 8, 2004 and November 8, 2004 move to dissolve or modify the Temporary Restraining in the Middlesex Superior Court. See Mass.R.Civ.P. 65(a).

9. A hearing on Cognex's Application for Preliminary Injunction was scheduled for November 16, 2004 in Middlesex Superior Court. Caron received notice of the hearing.

10. On November 8, 2004 -- eight days prior to the Preliminary Injunction hearing -- Caron, through his counsel, filed a Notice of Removal Pursuant to 28 U.S.C. § 1441(a) with this Court, and a Notice of Filing of Notice of Removal with the Middlesex Superior Court.

11. On November 17, 2004, Cognex filed a Motion to Remand and for Costs Pursuant to 28 U.S.C. § 1447(c) and Request for Oral Argument ["Motion to Remand"].

12. On January 3, 2005, this Court (Tauro, J.) denied Cognex's Motion to Remand.

13. The law has long provided that once a case is removed, the federal court "takes the case up where the state court left off." Duncan v. Green, 101 U.S. 810, 812 (1880).

14. "Removed cases are governed fully by the Federal Rules, and are treated no differently than if they had originated in a federal forum." Resolution Trust Corp. v. North Bridge Associates, 22 F.3d 1198, 1201 n. 2 (1st Cir. 1994); see Fed.R.Civ.P. 81(c) (the Federal Rules "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal"); see also 28 U.S.C. §1450 ("all injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court").

15. According to Rule 65(b), a temporary restraining order may not be extended for more than twenty days, unless the restrained party consents. Fed.R.Civ.P. 65(b). If a temporary restraining order is extended for more than twenty days, it is treated as a preliminary injunction. <u>Sampson v. Murray</u>, 415 U.S. 61, 86 (1974) ("a temporary order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction"); <u>Melanson v. John J. Duane Co.</u>, 605 F.2d 31, 33 (1st Cir. 1979) (temporary restraining order which continued for three years "has to be treated for what it is, a preliminary injunction, not what it was labeled").

16. Accordingly, the Temporary Restraining Order in the case at hand is, in effect, a Preliminary Injunction, and should be treated as such by this Court.

17. Caron has flagrantly, willfully and repeatedly violated the Preliminary Injunction. By his own admission, and despite actual notice of the precise conduct enjoined, Caron has remained continuously employed by Euresys -- a direct Cognex competitor.

18. Caron's conduct warrants a finding of contempt, and the imposition of sanctions.

19. In further support of this Motion, Cognex relies on its Memorandum of Law incorporated herein and filed simultaneously herewith.

WHEREFORE, Plaintiff, Cognex Corporation, respectfully requests that this Court:

(a) find the Defendant, Jean Caron, in Contempt of Court for violating the Preliminary Injunction;

(b) award Cognex damages against Caron in the form of daily fines in the amount of $1,000.00 per day, until such time as Caron is in compliance with the terms of the Preliminary Injunction;

(c) enter an award of reasonable costs and attorneys' fees incurred by Cognex in connection with this Motion; and

(d) grant such further relief as this Court deems just and reasonable under the circumstances.

In the alternative, should the Court determine that the Temporary Restraining Order should not be treated as a preliminary injunction, Cognex requests that this Court:

(i) find the Defendant, Jean Caron, in Contempt of Court for violating the Temporary Restraining Order;

(ii) set a hearing on the Preliminary Injunction "at the earliest possible time" consistent with Fed.R.Civ.P. 65(b); and

(iii) grant such further relief as this Court deems just and reasonable under the circumstances.

A Proposed Order is attached. An Affidavit of Attorneys' Fees will be submitted to the Court at the time of hearing on this Motion, or as otherwise requested by the Court.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Plaintiff believes that oral argument may assist the Court and respectfully requests an oral argument on the within Motion to Show Cause and For Order of Civil Contempt.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Plaintiff, Cognex Corporation, hereby certifies that we conferred with Defendant, Jean Caron's, counsel of record by telephone and by electronic mail on January 12, 2005, January 13, 2005 and January 14, 2005, in a good faith attempt to resolve or narrow the issue presented in the within Motion. The parties were unable to resolve the matters presented herein.

Plaintiff,
**COGNEX CORPORATION,**
By its attorneys,

/s/ James E. O'Connell, Jr.
James E. O'Connell, Jr., BBO# 376475
Jennifer A. Yelen, BBO# 565205
PERKINS SMITH & COHEN LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 854-4000

Dated: January 14, 2005
13271-11 MotionContempt.doc