UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COGNEX CORPORATION<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JEAN CARON<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　CIVIL ACTION NO. 04-12365 JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO SHOW CAUSE AND
FOR ORDER OF CONTEMPT**

Defendant Jean Caron ("Mr. Caron") hereby opposes[1] plaintiff Cognex Corporation's ("Plaintiff") Motion to Show Cause and for Order of Contempt ("Plaintiff's Motion") on the grounds that:

(1)　Under the express requirements of Mass. R. Civ. P. 65(a), the *ex parte* temporary restraining order issued by the Massachusetts Superior Court had expired long before either Mr. Caron was provided notice of the order or the matter was removed to this Court; and

(2)　Plaintiff again has misrepresented facts and the applicable law to this Court, and its motion is frivolous.

---

[1]　By submitting this Opposition, Mr. Caron specifically reserves and does not waive his position that this Court lacks jurisdiction over his person and that service of process was insufficient.

I.     **Factual Background.**

In March 1998, Cognex International, Inc. (Plaintiff's French-based, wholly-owned subsidiary) required Mr. Caron (a French national employed in France) to sign a "standard form" document, written in English (a violation of French law, *see* French Labor Code, Article L.121-1(2)) and captioned "Employee Invention, Non-Disclosure and Non-Competition Agreement," which purports to restrict Mr. Caron's post-employment activities for a period of two years (also contrary to French law).

Mr. Caron resigned from his employment effective September 19, 2003, and that same day, Cognex International, Inc., provided Caron with a Certificat du Travail [Work Certificate] stating that he left the company that day "free of all duties and obligations." In May 2004, Plaintiff confirmed that Mr. Caron was working for Euresys S.A., an alleged competitor located in Belgium. Nearly three months later, on August 2, 2004, Plaintiff filed suit against Mr. Caron in the Massachusetts Superior Court (the "Superior Court") and received an *ex parte* Temporary Restraining Order (the "*Ex Parte* Order"), without any findings concerning, or requirement of, a bond. *See* Exhibit A. The *Ex Parte* Order expired by its express terms on August 11, 2004. On August 11, 2004, in response to Plaintiff's *ex parte* motion, the Superior Court purported to extend the *Ex Parte* Order "for a period of 90 days, until November 8, 2004, to allow Cognex to serve the Defendant pursuant to the requirements of the Hague Convention, or not more than two weeks after return of service, whichever is earlier." *See* Exhibit B. On October 13, 2004, Plaintiff delivered to Mr. Caron at his home in Belgium a copy of the *Ex Parte* Order issued on August 2, 2004, and a "Proposed Extension for Temporary Restraining Order." *See* Exhibit C.

On October 25, 2004, Plaintiff filed an *ex parte* "Emergency Motion" with the Superior Court, seeking to further extend the *Ex Parte* Order. The Superior Court issued an order

purporting to extend the *Ex Parte* Order "for a period of two (2) weeks, until November 16, 2004, or until a hearing is conducted on Plaintiff's Application for Preliminary Injunction, whichever is later," and scheduled the hearing for 2:00 p.m. on November 16, 2004. *See* Exhibit D. Contrary to Plaintiff's representation to this Court, Plaintiff did not serve Mr. Caron with a copy of this purported extension.

On November 8, 2004, Caron removed the case to this Court on the basis of alienage diversity jurisdiction and on November 16, 2004, moved to dismiss the Complaint on the grounds of lack of personal jurisdiction, or, in the alternative, on grounds of forum *non conveniens* or for insufficiency of service of process. On November 17, 2004, Plaintiff filed a motion to remand the action to the Superior Court. On January 3, 2005, this Court denied both parties' motions.

At no time has Mr. Caron consented to any extension of the *Ex Parte* Order. And at no time has Plaintiff taken any action with this Court to schedule a hearing on its Application for Preliminary Injunction. Finally, because many of the "facts" Plaintiff has represented to this Court are not material to whether the *Ex Parte* Order was in effect, Mr. Caron will not burden the Court by endeavoring to address all of the Plaintiff's prevarications. Mr. Caron does not admit to violating the *Ex Parte* Order or the so-called agreement (much less that the agreement is valid or enforceable), contrary to Plaintiff's contention. *See* Plaintiff's Motion at 1-2, 6.

**II.     Argument.**

    **A.     The Massachusetts Rules Of Civil Procedure Require That The *Ex Parte* Temporary Restraining Order Issued By The Massachusetts Superior Court Expire No Later Than August 22, 2004.**

More than thirty years ago, the United States Supreme Court, in a case that remains as the controlling law, read the requirements of Rule 65 together with the 28 U.S.C. § 1450 requirement that all orders issued prior to removal remain in effect until dissolved or modified by the district court, and held that "[a]n *ex parte* temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law… ." *Granny Goose Foods, Inc.* v. *Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439-440 (1974). "Because the remedy is so drastic and may have such adverse consequences [] the authority to issue temporary restraining orders is carefully hedged in Rule 65(b) by protective provisions. And the most important of these protective provisions is the limitation on the time during which such an order can continue to be effective." *Sampson* v. *Murray*, 415 U.S. 61, 88 n.58 (1974).

The Massachusetts Rules of Civil Procedure, like the Federal Rules, expressly limit the duration of any *ex parte* temporary restraining order. Rule 65 provides in relevant part:

> Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

Mass. R. Civ. P. 65(a); *see also* Fed. R. Civ. P. 65(b). Moreover, the Rule provides that "[u]nless the court, for good cause shown, shall otherwise order, no restraining order or preliminary injunction shall issue, except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Mass. R. Civ. P. 65(c); *see also* Fed. R. Civ. P. 65(c). Because the Superior Court neither found good cause not ordered that no bond was required, the *Ex Parte* Order may not have issued at all and therefore was not valid. Further, even assuming for the sake of argument that the *Ex Parte* Order was valid, to the extent that the Superior Court's order on August 11, 2004 (served on Mr. Caron on October 13, 2004 as a proposed order), purporting to extend the *Ex Parte* Order by 90 days, is to be given any effect at all, the order necessarily is limited to a total of twenty days, or until August 22, 2004, by the express operation of Rule 65(a).

It is beyond dispute that Mr. Caron has not consented to any extension of the *Ex Parte* Order. It is uncontested that Plaintiff did not provide Mr. Caron with notice of the *Ex Parte* Order until October 13, 2004, long after it had expired, if it ever was valid in the first place. Mr. Caron, therefore, could not be in contempt, *see Granny Goose*, 415 U.S. at 445 ("… a party against whom a restraining order has issued may reasonably assume that the order has expired within the time limits imposed by Rules 65…"), and it was not his obligation to come forward and present a case against issuance of a preliminary injunction. *Id*. at 442. There was no valid order in effect at the time that the case was removed on November 8, 2004, and the United States Supreme Court has made

clear that the expired order was not revived simply by the act of removal (even if it was valid in the first place. *Id*. at 439-440.

  **B.** **Plaintiff's Suggestion That The *Ex Parte* Order Was "Converted" Into A Preliminary Injunction Is Frivolous.**

Although Plaintiff acknowledges, as it must, that a temporary restraining order may not last for more than twenty days unless the restrained party consents, *see* Plaintiff's Motion at 4, Plaintiff argues at length that this Court should treat the Superior Court's *Ex Parte* Order as a preliminary injunction. This argument is frivolous, and the case law on which Plaintiff relies does not support its position.

The Massachusetts Rules of Civil Procedure expressly require that "[n]o preliminary injunction shall be issued without notice to the adverse party." Mass. R. Civ. P. 65(b)(1); *see also* Fed. R. Civ. P. 65(a). It is uncontested that Plaintiff did not provide Mr. Caron with prior notice of any of the proceedings before the Superior Court and that all of those proceedings were *ex parte*. The express requirements of Mass. R. Civ. P. 65(b)(1), alone, prevent the *Ex Parte* Order from being treated as a preliminary injunction. Plaintiff finds no relief in the cases on which it relies to support its suggestion that Rule 65 (whether state or federal) is not binding:

- *Childs* v. *Sherman*, 351 Mass. 450 (1966) predates the Massachusetts Rules of Civil Procedure and concerns a "permanent" restraining order issued after a full adversary hearing and findings by a master;

- *Samuels Pharmacy, Inc.* v. *Board of Registration in Pharmacy*, 390 Mass. 583 (1983) gives no indication that the order at issue was an *ex parte* temporary restraining order and the court ordered dismissal of the complaint without addressing the propriety of an "indefinite" order;

- *Norton Co.* v. *Hess*, 14 Mass. L. Rptr. 162 (Mass. Sup. Ct. 2001) extended the temporary order because "the parties were amenable;"

- *Sampson* v. *Murray*, 415 U.S. 61 (1974) stands only for the proposition that where a hearing has been held, and the court's basis for issuing the order strongly challenged, a potentially unlimited temporary restraining order may be classified as a preliminary injunction to prevent the trial court from shielding its orders from appellate review as temporary restraining orders generally are not appealable, *see* 415 U.S. at 98;

- *Office of Personnel Management* v. *American Federation of Government Employees*, 472 U.S. 1301 (1985) is inapposite as the case deals with the denial of a temporary restraining order;

- *Virzi Subaru, Inc*. v. *Subaru of New England, Inc*., 742 F. 2d 677 (1st Cir. 1984) deals with an order issued after hearing and questioned the propriety of extending the order beyond the ten-day limit in Rule 65;

- *Melanson* v. *John J. Duane Co*., 605 F.2d 31 (1st Cir. 1979) follows *Sampson* v. *Murray* and states that "[i]t is important to emphasize that the original decision to enter the [potentially unlimited] restraining order is not before us;"

Moreover, Plaintiff's argument in its Memorandum of Law in Support of Plaintiff's Motion, *see* p. 5 n.5, that this Court should refuse to follow the controlling United States Supreme Court ruling in *Granny Goose Foods*, *supra*, on the strength of dicta in a concurring opinion in that same case, is, quite simply, frivolous.

    **C.    Even If Plaintiff's Motion Is Not Dismissed Outright, It Is Inappropriate To Consider Whether To Hold Mr. Caron In Contempt On Plaintiff's Mere Prima Facie Showing Of Personal Jurisdiction.**

It is well settled that the Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants. See *Kulko* v. *Superior Court of California*, 436 U.S. 84, 91 (1978) citing *Pennoyer* v. *Neff*, 95 U.S. 714, 732-733 (1878) and *International Shoe Co*. v. *Washington*, 326 U.S. 310, 316 (1945). In the event that the Court does not deny Plaintiff's Motion outright, then to consider whether Mr. Caron is in contempt of any Superior Court order -- on the basis of a mere prima facie showing of jurisdiction as opposed to a preliminary hearing to "hear and determine" Mr. Caron's

7

motion to dismiss for lack of personal jurisdiction, as contemplated by Fed. R. Civ. P. 12(d) -- will raise serious Due Process concerns. *See Boit* v. *Gar-Tec Products, Inc.*, 967 F.2d 671, 676 (1st Cir. 1992). For this reason, and the reasons set forth in Mr. Caron's Motion for Reconsideration and for a Preliminary Hearing, Mr. Caron requests that the Court schedule a preliminary hearing on his motion to dismiss for lack of personal jurisdiction.

### III.  Conclusion.

For the foregoing reasons, as there was no order in effect restraining Jean Caron's conduct at any time after he was served with the purported orders or when the case was removed on November 8, 2004, Jean Caron requests that the Court <u>deny</u> plaintiff Cognex Corporation's Motion to Show Cause and for Order of Contempt.

>Respectfully submitted,
>JEAN CARON
>By his Attorney(s),
>
>
>         /s/   Sally L. Adams
>Sally L. Adams (BBO # 629688)
>SEYFARTH SHAW LLP
>World Trade Center East
>Two Seaport Lane, Suite 300
>Boston, MA 02210-2028
>Telephone:    (617) 946-4800
>Telecopier:    (617) 946-4801

DATED:  January 28, 2005