UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
COGNEX CORPORATION,         )
            Plaintiff,      )
                            )
v.                          )     CIVIL ACTION NO. 04 12365 JLT
                            )
JEAN CARON,                 )
            Defendant.      )
_____)
```

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION AND PRELIMINARY HEARING

Introduction

Respectfully, Plaintiff, Cognex Corporation ["Cognex"], submits this Memorandum in Opposition to Defendant, Jean Caron's ["Caron"], Motion for Reconsideration and Preliminary Hearing [hereinafter, the "Motion"]. In short, as this Court acted properly in issuing its January 3, 2005 Order denying Caron's motion to dismiss for lack of personal jurisdiction, forum non conveniens or improper service [hereinafter, "Order"], the Motion must be denied.

As grounds for the Motion, Caron alleges that Cognex misstated the showing a plaintiff must make under the "prima facie standard" of review. This is simply false, as evidenced by the cases upon which Caron himself relies in the Motion. It is also not an adequate basis upon which to request that the Order be reconsidered. By his Motion, Caron requests that this Court "reconsider" its (implicit) decision to defer a hearing on the issue of personal jurisdiction until a trial on the merits, stating as grounds that it was error to deny him the opportunity to present oral argument.[1] This, too, is not a permissible basis for a motion for reconsideration. See Davis v. Lehane, 89 F. Supp. 2d 142, 147-149 (D. Mass. 2000); see also Fed. R. Civ. P. 12(d). As a third

---

[1] The Motion is clearly fueled by Caron's frustration at not having the opportunity to address Cognex's arguments and several sworn Affidavits at a hearing. Again, such motivation is not a proper basis upon which to bring a motion for reconsideration.

basis for the Motion, Caron claims that this Court committed error by relying on the prima facie standard in determining that the exercise of personal jurisdiction over Caron by Massachusetts courts is proper. This argument is similarly inappropriate and without merit. The prima facie standard was properly applied in the circumstances of this case. See Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 148 (1st Cir. 1995) [hereinafter "Foster-Miller"]; Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992) [hereinafter "Boit"]. Caron fails to establish any legitimate basis upon which this Court must reconsider its Order. This Court committed no error warranting reconsideration. Accordingly, the Motion must be denied.

I. Caron's Motion Must Be Denied Because This Court Committed No Error And Reconsideration Of Its Order Is Neither Necessary Nor Appropriate

While it is clear that this Court has discretion to reconsider interlocutory orders, the United States Supreme Court has admonished that "courts should be loath to do so in the absence of extraordinary circumstances such as where the initial decisions was clearly erroneous and would work a manifest injustice." Christianson v. Colt Industrial Corporation, 486 U.S. 800, 817 (1988) (quotations omitted). "The motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning." Davis v. Lehane, 89 F. Supp. 2d at 149 (citation omitted); see also Froudi v. United States, 22 Cl. Ct. 647, 648 (1991) ("a motion for reconsideration is not a vehicle for giving an unhappy litigant an additional chance to sway the judge"). Rather, Caron must "set forth facts or law of a strongly convincing nature to induce the court to reverse [the] prior decision." Davis v. Lehane, supra. Specifically, a motion for reconsideration of an interlocutory order is granted only "when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or

2

(3) a clear error of law in the first order." Id. at 147. Because Caron failed to establish any basis supporting reconsideration, the Motion should be denied.

      A.      The Court Correctly Relied On The Prima Facie Standard In Determining The Exercise Of Personal Jurisdiction Over Caron.

Caron does not argue that there has been a change in the law, or that there is new evidence warranting reconsideration of this Court's Order. Instead, Caron alleges that this Court erroneously relied on the prima facie standard, rather than the intermediate standard and, consequently, that this Court incorrectly determined that the exercise of personal jurisdiction over Caron was proper. Caron relies on Foster-Miller and Boit in support of his position. However, neither case supports the proposition that application of the prima facie standard was inappropriate, or that the Court's reliance on this evidentiary standard constitutes error. In fact, the opposite is true.

In Boit, the First Circuit Court of Appeals noted that the prima facie standard is "the most commonly used method of determining a motion to dismiss for want of personal jurisdiction." 967 F.2d at 675; see Foster-Miller, 46 F.3d at 145 (prima facie standard is "the most conventional method" used by courts and is a "useful means of screening out cases . . . in which the jurisdictional challenge is patently bogus"). The Court in Boit also described the prima facie standard as the "default standard for judging whether a plaintiff has met its burden." Moldflow Corp. v. Simcon, Inc., 296 F. Supp. 2d 34, 38 (D. Mass. 2003), citing to Boit, 967 F.2d at 677. Under this standard, the district court considers "only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal

3

jurisdiction."[2]  Boit, 967 F.2d at 675.  Cognex met its burden in establishing personal jurisdiction under the prima facie standard.  Accordingly, Caron's motion to dismiss was properly denied.

Notably, in all of the cases cited by Caron, the courts have applied the prima facie standard.  This is true even of the Foster-Miller decision so heavily relied on by Caron in arguing that this Court should have applied the intermediate standard.[3]

      B.      The Intermediate Or "Likelihood" Standard Is Not Appropriate In This Case.

The Court in Foster-Miller "makes clear that the prima facie standard is the 'conventional' one and that the other two should be used sparingly and with great caution." K&R Robinson Enters. v. Asian Export Material Supply Co., 178 F.R.D. 332, 343 (D. Mass. 1998)(adopting decision of Magistrate Judge Karol), citing Foster-Miller, 46 F.3d at 145-148. "[D]epartures from the prima facie standard should be infrequent and undertaken with great caution."  K&R Robinson, 178 F.R.D. at 343-344, citing Foster-Miller, 46 F.3d at 148.  Contrary

---

[2] Caron's position (repeated three times in his five page Memorandum) that Cognex misstated the prima facie standard is plainly not a permissible basis upon which to base a motion for reconsideration.  Davis v. Lehane, 89 F. Supp. 2d at 147.  It is also without merit.  The standard set forth by Cognex in its opposition to Caron's motion to dismiss is the same standard identified by the court in Boit, 967 F.2d at 675; the same language is repeated in Foster-Miller, 46 F.3d at 145, and a subsequent related case, Foster-Miller, Inc. v. Babcock & Wilcox Can., 975 F. Supp. 30, 37 (D. Mass. 1997), as well as in Ticketmaster-New York v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994).  It should be noted that Caron, on the other hand, made no reference whatsoever in his motion to dismiss as to which of the three possible tests should be applied.

[3] The procedural history of Foster-Miller is instructive.  In that case, the district court first applied the intermediate standard.  On appeal, the district court's decision was vacated and the case was remanded.  Foster-Miller, 46 F.3d at 141 (in vacating the order, the Court noted that the district court applied the "intermediate standard too rashly when . . . it neither gave the parties adequate notice that it intended to use this special standard nor ensured that FMI [the plaintiff] had a fair opportunity to gather and present the evidence necessary for such a showing").  On remand, the district court applied the prima facie standard.  See Foster-Miller, Inc. v. Babcock & Wilcox Canada, 975 F. Supp. 30, 37 (D. Mass. 1997).

    In Foster-Miller, the First Circuit Court of Appeals explains that "whatever its merits in the abstract, Boit's intermediate standard requires caution in its application" and notes that "apart from the opinion of the court below [which the Appeals Court vacated], there is no other reported case, Boit included, that has sanctioned a dismissal pursuant to a district court's use of the likelihood [intermediate] standard."  Id. at 148.  The Foster-Miller Court emphasized "the need to forewarn litigants of a trial court's intention to go beyond the prima facie standard typically associated with motions to dismiss under Fed. R. Civ. P. 12(b)(2)."  Id. at 141-142.  (Emphasis supplied.)  This is primarily because the quanta of proof required of the plaintiff under the intermediate standard is significantly greater than that required under the prima facie standard.  Accordingly, when a district court intends to use the intermediate standard, it must do so "with great care" and "must take pains to ensure that the parties are given satisfactory notice, reasonable access to discovery, and a meaningful opportunity to present evidence."  Id. at 148-149.

4

to Caron's assertions, it would not be appropriate for this Court to depart from the conventional, default standard to apply the intermediate standard in this case.

In applying the intermediate standard, the district court is limited to determining "whether the plaintiff has shown a likelihood of the existence of each fact necessary to support personal jurisdiction." Foster-Miller, 46 F.3d at 146.  The First Circuit Court of Appeals in Foster-Miller held that the intermediate standard is only appropriate for use in cases "in the special circumstance in which the assertion of jurisdiction is bound up with the claim on the merits." Id.  More importantly, even in cases where those "special circumstances" are present, the court is not required to use the intermediate standard.  Rather, the court has the discretion to use any one of the three evidentiary standards, including the prima facie standard.  Id. at 145-146 (acknowledging that such "an array of standards at the ready may be too much of a good thing"); Boit, 967 F.2d at 674.

Application of the little used intermediate standard is unwarranted since Cognex's assertion of jurisdiction over Caron is not "bound up with [its] claim on the merits."[4]  Cognex has asserted that Massachusetts may properly exercise jurisdiction over Caron by virtue of a provision in his employment agreement submitting to the jurisdiction of the Massachusetts courts.  By legally sufficient Affidavits, Cognex has also demonstrated that Caron is subject to the personal jurisdiction of the Court given his contacts with Massachusetts, including without limitation his attendance at two Cognex training courses in Natick, Massachusetts, his exercise of Cognex stock options (and his concomitant execution and return of stock option documents to Cognex in Natick, Massachusetts), and his frequent contact with engineers in the Natick office for supervision and support.  While Cognex's claims against Caron stem from his employment agreement, they relate to Caron's employment with Euresys, S.A., a direct Cognex competitor, in

---

[4] Notably, even Caron has not argued that this special circumstance exists.

violation of Caron's non-competition agreement with Cognex, and his use of confidential and proprietary Cognex information in his new employment. As the issue of jurisdiction is not "factually enmeshed with the merits of the suit," application of the intermediate standard would have been inappropriate. See Foster-Miller, 46 F.3d at 147.

Significantly, none of the cases cited by Caron stand for the proposition he espouses in the Motion -- that application of the intermediate standard is warranted because of the supposed burden on Caron of proceeding in this "distant" forum. Moreover, Caron already argued this position (including having already offered the specific factual allegations now set forth in the Motion) at length in his motion to dismiss. Caron's arguments regarding the "burden" on Caron were previously considered, and rejected, by this Court, with respect to both personal jurisdiction and forum non conveniens issues. See Davis v. Lehane, 89 F. Supp. 2d at 148 (a motion for reconsideration is "not a means by which parties can rehash previously made arguments") (citation omitted). Such re-hashed arguments do not provide a legitimate basis for a motion for reconsideration, or for the use of a different standard in the case at hand. This Court's decision to apply the prima facie standard is reasonable, proper, and appropriate under the law. Accordingly, the Order must stand and Caron's motion for reconsideration should be denied.

II.   A Preliminary Hearing Is Neither Required Under The Rules, Nor Necessary In This Case.

Rule 12(d) provides that a motion to dismiss for lack of personal jurisdiction "shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial." Fed. R. Civ. P. 12(d). Rule 12 provides the court with broad discretion to determine the timing of a hearing, and the necessity of a separate "preliminary" hearing, if any. Boit, 967 F.2d at 677 (acknowledging court's

authority "to exercise reasonable control over the order of proceedings and timing of decisions in a case").

If a district court "applies the prima facie standard and denies the motion to dismiss, it is implicitly, if not explicitly, ordering that the hearing and determination of the motion to dismiss be deferred until the trial." Id. at 676. This is true even when a court applies the intermediate standard. Id. at 678 (when the court uses the intermediate standard, "a denial of the motion to dismiss is an implicit deferral until trial of the final ruling on jurisdiction").

Implicit in this Court's January 3, 2005 Order is that the hearing has been deferred until the trial. It was well within the Court's discretion and authority to make this Order. Accordingly, Caron's request for an immediate preliminary hearing should be denied.[5]

### Conclusion

For the reasons stated herein, Caron's motion for reconsideration must be denied.

> Plaintiff,
> COGNEX CORPORATION,
> By its attorneys,
>
> /s/ James E. O'Connell, Jr.
> James E. O'Connell, Jr., BBO# 376475
> Jennifer A. Yelen, BBO# 565205
> PERKINS SMITH & COHEN LLP
> One Beacon Street
> Boston, Massachusetts 02108
> (617) 854-4000

Dated: January 28, 2005

---

[5] To the extent that Caron now presents evidence concerning the French labor code which, though irrelevant, was clearly available to him at the time he filed his motion to dismiss, but which he failed to include in that motion, such evidence is expressly precluded from consideration by this Court and may not be used as a basis for a motion for reconsideration. See Davis v. Lehane, 89 F. Supp. 2d at 148, citing Waltman v. International Paper Co., 875 F.2d 468, 473-474 (district court did not abuse its discretion when it denied a motion for reconsideration that relied on materials available to the movant at the time of the original motion and where movant did not give any explanation as to why she did not rely on those materials in the first instance).