# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COGNEX CORPORATION,<br>    Plaintiff,<br><br>v.<br><br>JEAN CARON,<br>    Defendant. | CIVIL ACTION NO. 04 12365 JLT |

I, Ulrich Starigk, being first duly sworn, do hereby depose and state as follows:

1. I make this Affidavit in support of Plantiff's Application for Preliminary Injunction.

2. I have been employed as Manager for the Legal Department of Cognex International, Inc., a wholly-owned subsidiary of Plaintiff, Cognex Corporation [collectively, "Cognex"], since October 1, 2000. I am an attorney licensed to practice in Germany. I work at Cognex's office in Rueil-Malmaison, France.

3. Cognex does not commence litigation, whether against former employees or other individuals or entities, lightly. When it learned that Defendant, Jean Caron ["Caron"], might be employed by a competitor, it took steps to confirm that information, including without limitation placing telephone calls and sending e-mail messages to Caron at his home and place of employment. Cognex also investigated whether, and to what extent, Caron posed a threat to Cognex's business, including its goodwill, before commencing litigation. Once it learned that Caron was actually employed by a direct Cognex competitor and determined that Caron posed a substantial threat of harm to Cognex's business interests, it took steps to commence litigation against Caron in the United States.

4.     In connection with the litigation commenced on August 2, 2004, steps were taking to coordinate the efforts of Cognex employees in Europe and the United States to compile the necessary information and obtain the required signatures.

5.     I understand that Caron, in his Opposition to Cognex's Application for Preliminary Injunction, has asserted that a Certificat du Travail provided to Caron by Cognex allowed him to leave the company "free of all duties and obligations." Caron made the same assertion in a previous Affidavit filed with the Court. This misstates the meaning and intent of the Certificat. The correct translation is that Cognex states that Caron "leaves us today free of any engagement."

6.     The Certificat du Travail is a document issued by employers in France as a matter of practice and pursuant to French law. It must be given to any employee departing employment in France. It typically states the employee's name, function and duration of employment.

7.     According to French law, this Certificat is not to be interpreted as a waiver of all claims or obligations the employee may owe to the employer upon the employee's departure from employment. Rather, it is intended to be used by the departing employee to show a future employer that he/she has, in fact, left the employ of his/her former employer.

8.     By issuing Caron a Certificat du Travail, Cognex did not in any way release Caron from his continuing obligations (including without limitation to refrain from working for a competitor and to refrain from divulging confidential information) to Cognex under his employment agreement.

Signed under the pains and penalties of perjury this 27th day of June, 2005.

_____
Ulrich Starigk

# EXHIBIT B

**Commonwealth of Massachusetts**
**County of Middlesex**
**The Superior Court**

CIVIL DOCKET# **MICV2004-03040**

)
Cognex Corporation,
    Plaintiff(s)

vs.

Jean Caron,
    Defendant(s)

## SUMMONS AND RESTRAINING ORDER

To the above named Defendant(s):

You are hereby summoned and required to serve upon, plaintiff's attorney,
**James E O'Connell Jr, Esquire of  Perkins Smith & Cohen**
**1 Beacon Street Boston, MA 02108,**
, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

You are also required to file your answer to the complaint in the office of Clerk of this Court at Cambridge either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application has been made in said action, as appears in the complaint, for a preliminary injunction.

And that a hearing upon such application will be held at the court house at said **Cambridge**, in said county, on **08/11/2004** A.D. at **02:00 PM**, in **Rm 7A (Cambridge)** at which time you may appear and show cause why such application should not be granted.

In the meantime, until such hearing, **WE COMMAND YOU**, said Jean Caron  and your agents, attorneys and counselors, and each and every one of them, to desist and refrain from
    (SEE ATTACHED ORDER)

**Witness, Suzanne V. DelVecchio**, Esquire, Chief Justice of the Superior Court at Cambridge, Massachusetts this 3rd day of August,  2004.

*Edward J Sullivan*
                                                                                            Clerk

**(AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)**



COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
THE SUPERIOR COURT DEPARTMENT

MIDDLESEX, ss.                                                        CIVIL ACTION NO.

COGNEX CORPORATION,    )
    Plaintiff,                      )
                                  )
v.                                            )
                                  )
JEAN CARON,                       )
    Defendant.                    )
                                  )

## ~~PROPOSED~~ TEMPORARY RESTRAINING ORDER

It is hereby Ordered and Adjudged as follows:

1.     Defendant, and all persons in active concert or participating with him who receive actual notice of this Order, are hereby restrained and enjoined from: (1) engaging in or accepting employment with any business competitive with Cognex, including but not limited to Euesys S.A., in violation of his contract with Cognex, and from soliciting any customers of Cognex; (2) divulging, appropriating, or using to his own gain any confidential information obtained from Cognex; (3) violating in any manner the agreement between the Plaintiff and Defendant; and (4) retaining any proprietary technology and equipment and confidential information belonging to Plaintiff.

2.     This Temporary Restraining Order shall expire by its terms on AUGUST 11, 2004. A hearing on Plaintiff's Application for Preliminary Injunction shall be held on 2:00 pm, AUGUST 11, 2004 at 2:00p.m. at the Middlesex County Superior Court, Room 7A.

All until further Order of the Court.

Dated this 2nd day of August, 2004.

_____
Associate Justice, Superior Court

2

# EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
THE SUPERIOR COURT DEPARTMENT

MIDDLESEX, ss.                                CIVIL ACTION NO. MICV2004-03040

COGNEX CORPORATION,
    Plaintiff,

v.

JEAN CARON,
    Defendant.

### PROPOSED EXTENSION FOR TEMPORARY RESTRAINING ORDER

It is hereby Ordered and Adjudged as follows:

The Temporary Restraining Order scheduled to expire on August 11, 2004, shall be extended for a period of ninety (90) days, until November 8, 2004, to allow Cognex to serve the Defendant pursuant to the requirements of the Hague Convention, or not more than two weeks after return of service, whichever is earlier

All until further Order of the Court.

Dated this 11th day of August, 2004.

_____
Associate Justice, Superior Court

---

MIDDLESEX, ss.   **Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this eleventh day of August, 2004.

_____
Deputy Assistant Clerk

# EXHIBIT D

4.1.6   Engage as an owner, stockholder, manager, agent, consultant, director or employee in any business competitive with or similar to any business which has been conducted by the Company at any time during the term of his or her employment with the Company; provided that the provisions of this Subsection 4.1.6 shall not be deemed breached by the aggregate ownership by the Employee, as the result of open market purchases, of one (1%) percent or less of the capital stock of a corporation, the stock of which is regularly traded on a stock exchange or in the over-the-counter market. The Employee agrees that the granting of stock options to the Employee by the Company ("Employee's Stock Options") and any pre-tax gains realized as a result of the exercise of any portion of such options plus any gains realized as a result of the sale of any shares acquired through the exercise of any portion of such options shall be further consideration to the Employee for the Employee's compliance with the terms of this Subsection 4.1.6. Companies listed in Exhibit 1 are known to be competitors of Cognex as of the date of this Agreement; The list set forth in Exhibit 1 is not comprehensive, and, therefore, the absence of any particular company from this list does not indicate that the particular company is not a competitor of Cognex.

4.2   The duration of the obligations of the Employee under this Section 4 ("Non-Compete Period") shall commence upon the first day of his or her employment by the Company and shall continue for a period of two years following termination of his or her employment with the Company, provided, however, that if the term of such employment was less than two years, the obligations of the Employee under this Section 4 shall continue for the greater of six months or such term; and shall extend throughout the United States of America and any foreign country in which the Company engaged in business during the term of his or her employment with the Company or in which business was actively contemplated by the Company at the time of the termination of such employment. In the event of any violation of any provision of this Agreement, the Non-Compete Period shall be extended for a period of time equal to the period of time which the Employee is in violation.

5.   Employee's Representation and Warranties

The Employee hereby represents and warrants to the Company that:

5.1   prior to his or her employment by the Company, he or she had no detailed knowledge of, experience with, or training in the specification, design, manufacture or marketing of machine vision systems other than as may be described in writing and attached hereto as Exhibit 2; and

5.2   he or she is not a party to or in any way bound by any prior agreement whether with a prior employer or otherwise, which could in any way prohibit him or her from becoming an employee of the Company or from carrying out his or her obligations under this Agreement, including specifically, but without limitation to, his or her obligations under Sections 1 and 2 of this Agreement; and

5.3   he or she will not disclose to any employee or representative of the Company information of any former employer or client which is of a confidential nature.