UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COGNEX CORPORATION,<br>   Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | CIVIL ACTION NO. 04 12365 JLT |
| JEAN CARON,<br>   Defendant. | )<br>)<br>)<br>) | |

**PLAINTIFF'S MOTION TO ADVANCE THE TRIAL AND CONSOLIDATE THE PRELIMINARY INJUNCTION HEARING WITH THE TRIAL ON MERITS**

The Plaintiff, Cognex Corporation ["Cognex"], moves this Court pursuant to Fed.R.Civ.P. 65(a)(2) to advance the trial in the above-captioned matter, and consolidate the hearing on Cognex's Application for Preliminary Injunction ["Application"] with the trial on the merits.

In support of this Motion, Cognex states as follows:

1. Rule 65(a)(2) expressly provides that "before or after the commencement of the hearing of an application for preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application." Fed.R.Civ.P. 65(a)(2). See University of Texas v. Camenich, 451 U.S. 390, 395 (1981); Caribbean Produce Exchange v. Secretary of Health and Human Services, 893 F.2d 3, 5 (1st Cir. 1989).

2. Although an oral hearing on an application for preliminary injunction is not required under the Rules, given the contested nature of this case (both factually and legally), this Court should exercise its discretion in favor of a hearing. The Court should further order that said hearing be consolidated with the trial on the merits. This is the most reasonable and efficient use

of this Court's (and the respective parties') resources. Moreover, the Rules provide that even when consolidation is not ordered "any evidence received upon an application for a preliminary injunctions which would be admissible upon the trial on the merits becomes part of the record on the trial" and shall not be repeated at the trial. Fed.R.Civ.P. 65(a)(2).

3. By way of background, Cognex commenced this action on August 2, 2004 in the Middlesex Superior Court ["Superior Court"], and obtained a Temporary Restraining Order ["TRO"] on that date.

4. Eight days prior to the hearing on Cognex's Application for Preliminary Injunction -- Caron, through his counsel, filed a Notice of Removal Pursuant to 28 U.S.C. § 1441(a) with this Court, and a Notice of Filing of Notice of Removal with the Superior Court.

5. Based on Cognex's case law research, and the express language of 28 U.S.C. §1450 (which provides that "all injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court"), Cognex operated under the presumption that the injunction obtained in the lower court remained in full force and effect, particularly since the language of the TRO itself indicated that the Order shall not expire <u>until a hearing is conducted on Plaintiff's Application for Preliminary Injunction</u>."[1]

---

[1] The case law provides that Temporary Restraining Orders that extend beyond the twenty-day period provided from in Rule 65(b) are treated as a preliminary injunctions. See E.g. Sampson v. Murray, 415 U.S. 61, 86 (1974) ("a temporary order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction").

6.      In January 2005, Cognex filed a Motion to Show Cause and For Civil Contempt ["Contempt"].[2]

7.      Although the Court denied Cognex's Contempt (finding that the TRO had expired) on May 10, 2005, at the hearing on May 9, 2005, the Court (Tauro, J.) indicated that it would be inclined to advance the trial and would entertain an application for preliminary injunction.

8.      Shortly after said hearing, Cognex filed its Application with this Court.  In support of its Application, Cognex specifically incorporated by reference the Complaint, Memorandum and Affidavits previously filed in the Superior Court.

9.      On or about June 21, 2005, Caron filed his Opposition.

10.     Consistent with the Rules, and in the interest of judicial economy and efficiency, Cognex requests that the trial be advanced and consolidated with the hearing on Cognex's Application.  See Fed.R.Civ.P. 65(a)(2); see also University of Texas, 451 U.S. at 395; Caribbean Produce, 893 F.2d at 5.

WHEREFORE, Plaintiff, Cognex Corporation, respectfully requests that this Court:

(a)     allow the within Motion;

(b)     advance the trial in the above-captioned matter and consolidate the hearing on Cognex's Application with the trial; and

---

[2] Cognex did not file the Contempt prior to January 2005 because this Court had not yet issued an order with regard to Caron's Motion to Dismiss (based in part on the grounds of personal jurisdiction), or Cognex's Motion to Remand.

    (c)    grant such further relief as this Court deems just and reasonable under the circumstances.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Plaintiff believes that oral argument may assist the Court and respectfully requests an oral argument on the within Motion.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Plaintiff, Cognex Corporation, hereby certifies that we conferred with Defendant, Jean Caron's, counsel of record by phone on June 30, 2005, in a good faith attempt to resolve or narrow the issue presented in the within Motion. The parties were unable to resolve the matters presented herein.

        Plaintiff,
**COGNEX CORPORATION,**
By its attorneys,


/s/ James E. O'Connell, Jr.
James E. O'Connell, Jr., BBO# 376475
Jennifer A. Yelen, BBO# 565205
PERKINS SMITH & COHEN LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 854-4000

Dated: July 1, 2005
13271-11 MotionAdvanceConsolidate.doc