UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COGNEX CORPORATION,  )  <br>        Plaintiff,   )  <br>                    )  <br> v.                 )  <br>                    )  <br> JEAN CARON,          )  <br>        Defendant.   )  <br>                    ) | CIVIL ACTION NO. 04 12365 JLT |

**<u>PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S ATTENDANCE AT
DEPOSITION AND FOR SANCTIONS</u>**

The Plaintiff, Cognex Corporation ["Cognex"], moves this Court to compel the Defendant, Jean Caron ["Caron"], to appear at his deposition. Cognex further requests that sanctions be assessed against Caron for his failure to appear at his deposition on June 28, 2005.

In support of this Motion, Cognex states as follows:

<u>FACTUAL BACKGROUND</u>

1. On May 10, 2005, this Court (Tauro, J.) ordered that Cognex "may depose Jean Caron by June 30, 2005." A copy of the ordered is highlighted and attached hereto as Exhibit A.

2. On May 17, 2005, Cognex's counsel wrote to Caron's counsel regarding the logistics of scheduling Caron's deposition, and suggested various dates on which to schedule the deposition. Cognex specifically requested that the Caron's deposition be conducted in Boston, and offered to pay for the cost of Caron's reasonable airfare and accommodation expenses. A copy of Cognex's counsel's May 17, 2005 letter is attached hereto as Exhibit B.

3. A week later, Caron's attorney proposed that the deposition be conducted by videoconference, and did not respond to the dates proposed by Cognex, or provide any alternate dates. A copy of Caron's counsel's May 24, 2005 letter is attached hereto as Exhibit C.

4. Cognex responded, in writing, that if Caron would not travel to Boston, then Cognex's counsel would conduct the deposition in Europe. Further, Cognex did not agree to conduct the deposition via videoconference. In its letter, Cognex again emphasized the importance of confirming a date as soon as possible. A copy of Cognex's counsel's May 26, 2005 letter is attached hereto as Exhibit D.

5. Caron's counsel never responded to Cognex's May 26, 2005 letter.

6. On June 14, 2005, Cognex's counsel again corresponded with Caron's counsel requesting Caron's cooperation. With the court-ordered deadline fast-approaching, Cognex was left with no alternative except to formally notice Caron's deposition for a date certain. Cognex's counsel enclosed the Notice of Deposition with its letter. Copies of Cognex's counsel's letter and Notice of Deposition, dated June 14, 2005, are attached hereto as Exhibit E.

7. Cognex again received no response.

8. On June 23, 2005, Cognex wrote another letter to Caron's counsel. Cognex requested that Caron's counsel confirm whether or not her client would appear at his deposition, as scheduled, at 10:00 a.m. on June 28, 2005. A copy of the June 23, 2005 letter is attached as Exhibit F.

9. Cognex did not receive a response to its June 23, 2005 letter until June 27, 2005, the day before the scheduled deposition. At that time, Caron's counsel merely informed Cognex's counsel that Caron would not appear the following day for his deposition.

10. Caron's counsel offered no explanation for Caron's apparently willful failure to appear for his properly noticed deposition.

11. During the course of the referenced communications, Caron's counsel never once mentioned any issues with regard to scheduling, nor did she ever respond to any of the dates proposed by Cognex.

12. Caron's counsel did not seek or obtain a Protective Order from this Court.

13. Caron simply failed and refused to appear for his properly noticed deposition on June 28, 2005.

## ARGUMENT

14. Caron cannot be permitted to violate the discovery rules with impunity. "Such a complete failure [to respond] strikes at the very heart of the discovery system, and threatens the fundamental assumption on which the whole apparatus of discovery was designed . . . . [I]t provides the propounding party with no evidence at all." Moore's Federal Practice, volume 7 at §37.90.

15. "It is precisely because outright failures to respond to discovery halt the case development process dead in its tracks . . . that subdivision (d) of Rule 37 authorizes district courts, in responding to this type of misconduct, to pass over the system of progressive discipline that is established in the first two subdivisions of Rule 37, and to impose in the first instance any of a wide range of sanctions." Id.

16. Rule 37(d) expressly provides that "if a party . . . fails to appear before the officer who is to take the deposition, after being served with property notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just," including but not limited to, an order that "the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed.R.Civ.P. 37(d).

17. Cognex tried multiple times to work with Caron's counsel in an attempt to schedule Caron's deposition at the most convenient location, on the most convenient date possible for both the parties and counsel, and in such a way that Caron would incur few, if any, expenses, all to no avail.

18. Caron's counsel often did not even extend the courtesy of responding to Cognex's repeated written requests concerning the scheduling of Caron's deposition.

19. On June 28, 2005, Caron did not appear for his properly noticed deposition.

20. Caron's conduct merits the imposition of sanctions, including but not limited to an award of reasonable attorneys' fees and costs incurred by Cognex in connection with this Motion.

WHEREFORE, Plaintiff, Cognex Corporation, respectfully requests that this Court:

(a) allow the within Motion;

(b) order the Defendant, Jean Caron, to attend his deposition at Plaintiff's counsel's office in Boston on a date certain;

(c) enter an award of reasonable costs and attorneys' fees incurred by the Plaintiff in connection with this Motion; and

(d) grant such further relief as this Court deems just and reasonable under the circumstances.

## FEDERAL RULE 37 AND LOCAL RULE 37.1(A) CERTIFICATION CONCERNING DISCOVERY CONFERENCE

Counsel for Plaintiff, Cognex Corporation, hereby certifies that a discovery conference was held with Defendant, Jean Caron's, counsel of record on June 30, 2005 at 12:30 p.m. by phone. The telephone conference lasted approximately ten (10) minutes. We attempted in a good faith to resolve the issue presented in this Motion, and secure the disclosure with court action. We were unable to resolve the matters presented herein, and as such these matters are left for the court to determine.

Plaintiff,
**COGNEX CORPORATION,**
By its attorneys,

/s/ James E. O'Connell, Jr.
James E. O'Connell, Jr., BBO# 376475
Jennifer A. Yelen, BBO# 565205
PERKINS SMITH & COHEN LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 854-4000

Dated: July 1, 2005
13271-11 MotionCompel.doc