UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

COGNEX CORPORATION,    )
   Plaintiff,    )
         )
v.    )  CIVIL ACTION NO. 04 12365 JLT
         )
JEAN CARON,    )
   Defendant.    )
         )

### AFFIDAVIT IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(a)

I, James E. O'Connell, Jr., being first duly sworn, do hereby depose and state as follows:

1. Together with Jennifer A. Yelen, we are counsel for the Plaintiff, Cognex Corporation ["Cognex"], in the above-captioned proceeding.

2. On October 13, 2004, service of the following documents was made upon the Defendant, Jean Caron ["Caron"], pursuant to the requirements of the Hague Convention:

  (a) Complaint;
  (b) Plaintiff's Application for Preliminary Injunction Pursuant to Mass.R.Civ.P. 65;
  (c) Plaintiff's Memorandum in Support of Application for Preliminary Injunction;
  (d) Proposed Preliminary Injunction;
  (e) Plaintiff's Motion for Ex Parte Temporary Restraining Order Pursuant to Mass.R.Civ.P. 65(a);
  (f) Civil Action Cover Sheet;
  (g) Civil Action Cover Sheet Instructions;
  (h) Temporary Restraining Order;
  (i) Summons and Restraining Order;
  (j) Exhibit "A" to Complaint;
  (k) Exhibit "A" to Plaintiff's Memorandum in Support of Application for Preliminary Injunction;
  (l) Exhibit "B" to Plaintiff's Memorandum in Support of Application for Preliminary Injunction;

(m) Certified Copy of the Proposed Extension for Temporary Restraining Order;
(n) Certification of Translation, dated August 18, 2004;
(o) Certification of Translation, dated August 17, 2004; and
(p) Attachments to Exhibit B to Plaintiff's Memorandum in Support of Application for Preliminary Injunction.

True and accurate copies of the original and translated Return of Service are attached as Exhibit A.

3. Counsel of record for Caron, Sally Adams, Esq., filed her Notice of Appearance and that of her firm on behalf of Caron in connection with the above-captioned proceeding on November 8, 2004. On that same date, Caron, through his counsel, filed a Notice of Removal Pursuant to 28 U.S.C. § 1441(a) with this Court, and a Notice of Filing of Notice of Removal with the Middlesex Superior Court.

4. On November 16, 2004, Caron filed a Motion to Dismiss for Lack of Personal Jurisdiction, Forum Non Conveniens, or Improper Service ["Motion to Dismiss"].

5. On January 3, 2005, this Court (Tauro, J.) denied Caron's Motion to Dismiss.

6. On January 14, 2005, Caron filed a Motion for Reconsideration, which was denied by this Court (Tauro, J.), after hearing, on May 10, 2005.

7. According to Rule 12(a)(4)(A): "if the court denies the motion or postpones the disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action." Fed.R.Civ.P. 12(a)(4)(A).

8. More than seven (7) weeks have elapsed since Caron received notice of the Court's denial of his Motion for Reconsideration.

9. Caron has failed to file or serve a responsive pleading in accordance with the Federal Rules.

2

10.    This Affidavit is executed in accordance with Federal Rule 55(a) for the purpose of obtaining an entry of default against Caron for his failure to answer or otherwise defend as provided for by the Federal Rules.

11.    To the best of my knowledge, Caron is not an infant or incompetent, and is not a person in the military service.

Signed under the pains and penalties of perjury this _7th_ day of July, 2005.

                          /s/ James E. O'Connell, Jr.
                          James E. O'Connell, Jr.

13271-11 DefaultAff0705.doc