UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COGNEX CORPORATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEAN CARON )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO.  04-12365 JLT |

**DEFENDANT'S SURREPLY IN OPPOSITION
TO PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION**

Defendant Jean Caron ("Mr. Caron") submits this surreply in response to several mischaracterizations and misrepresentations in Cognex Corporation's ("Cognex" or "Plaintiff") proposed Plaintiff's Reply to Defendant's Opposition to Application for Preliminary Injunction (the "Reply").  In its Reply, Cognex distorts the facts of this case, makes unfounded and scandalous accusations about Mr. Caron's counsel's conduct, and again utterly fails to support its claims of irreparable harm and a likelihood of success on the merits of its Complaint with evidence of any kind.

**I.      Cognex's Reply Misstates Facts and Distorts the Record**

Cognex claims that "Caron evaded service of the Superior Court pleadings for more than two months."  Reply, p. 2.  This scurrilous accusation is completely unfounded and wholly without support.  That Cognex's counsel was unable or unmotivated to promptly effect service of process on Mr. Caron in compliance with the applicable requirements of the Hague Convention is not attributable to Mr. Caron.  In fact, Cognex's counsel's delay in properly serving Mr. Caron

is only further evidence of Plaintiff's flagging efforts to prosecute its case against Mr. Caron, and serves to undermine Cognex's claims of irreparable harm.

Cognex also disingenuously claims that "neither party was ever under the impression that the injunction [Cognex received on an *ex parte* basis before the Massachusetts Superior Court] had 'expired'" and in doing so, attempts without any basis whatsoever, to state the knowledge and belief of the undersigned counsel for Mr. Caron's. Reply, p. 2. In fact, the undersigned clearly set forth the well-established legal basis that the Superior Court injunction expired long ago by operation of the applicable Massachusetts Rule of Civil Procedure. *See* Opposition, p. 3. Further, at a hearing before this Court on May 9, 2005, the Court agreed with Mr. Caron's counsel that the Superior Court injunction had expired and was no longer in effect. Cognex now refuses to acknowledge the clear meaning of the applicable rule and this Court's ruling, and compounds its stubbornness by accusing Mr. Caron's counsel of somehow misrepresenting her own beliefs about the validity of the injunction.

The Court should disregard Cognex's intransigent arguments about the continuing validity of the Superior Court injunction and its efforts to hide its own failure to seek a hearing before this Court on preliminary injunctive relief.

**II.     The Court Should Strike Cognex's Affidavit Testimony.**

Cognex attempts to undermine the significance of the Certificat du Travail ("Certificat"), a document Plaintiff gave Mr. Caron stating that he left Cognex's employ free of any obligation, with affidavit testimony from a <u>German</u> employee of Cognex International as to the requirements of French law and the meaning of the French-language the document. *See* Reply, p. 4 and Exhibit A. In this affidavit, an employee of Cognex International offers his opinion that the Certificat is not to be interpreted as a waiver, with no reference to any French statute, regulation,

2

or court decision. *See* Affidavit of Ulrich Starigk ("Starigk Aff."), ¶¶ 6-8. This testimony is inherently unreliable and is no basis from which to draw conclusions about the requirements of French law. *See William J. Kelly Co., Inc. v. Reconstruction Fin. Corp.*, 172 F.2d 865, 867 (1st Cir. 1949) (disregarding conclusions of law in affidavit of employee of party corporation). The Court should strike this self-serving testimony in its entirety.

Cognex also cites affidavit testimony from its employee in support of its favored translation of the Certificat. Cognex claims that the text of the Certificat is properly translated to state that Mr. Caron left Cognex "free of any engagement," rather than "free of all duties and obligations." Reply, p. 4; Starigk Aff., ¶ 5. Cognex provides absolutely no basis for this claim. The Cognex employee who recites that he is admitted to practice in Germany and offers his opinion as to the meaning of the Certificat does not even claim to speak French, and offers no other basis for his beliefs regarding the meaning of the Certificat. The Court should, therefore, reject this testimony as lacking a basis in personal knowledge.

### III.  Cognex Utterly Fails to Support Its Claims of Irreparable Harm and Likelihood of Success on the Merits

Cognex fails in its obligation to provide specific proof of each of the requirements for a preliminary injunction (despite its professed three months-long "investigation"), and asks the Court to simply assume that Mr. Caron has engaged in misconduct. In its Reply, Cognex claims that Mr. Caron's "inevitable disclosure of Cognex's confidential information to Euresys constitutes irreparable harm." Reply, p. 5. This claim is wholly devoid of factual or legal support. First, Cognex has produced no evidence whatsoever that Mr. Caron has divulged any protected information. Further, state and federal courts in Massachusetts have definitively rejected the doctrine of inevitable disclosure in the context of non-compete and trade secret litigation. *See, e.g., Safety-Kleen Sys. Inc. v. McGinn*, 233 F. Supp. 2d 121, 124 (D. Mass. 2002)

3

("Regardless of how much confidential information [a former employee] possesses . . . Massachusetts law provides no basis for an injunction without a showing of actual disclosure"); *FLEXcon Co., Inc. v. McSherry*, 123 F. Supp. 2d 42, 45 (D. Mass. 2000) (denying application for preliminary injunction where plaintiff proffered no evidence of actual disclosure and defendant denied disclosure in affidavit); *CSC Consulting, Inc. v. Arnold*, 2001 WL 1174183, *3 (Mass. Super.) ("The mere fact that a person assumes a similar position at a competitor does not, without more, make it inevitable that he will use or disclose trade secret information so as to demonstrate irreparable injury.") (citations and internal quotations omitted).

Cognex also claims that it is likely to succeed on the merits of its claims because "Caron has certainly utilized the detailed and comprehensive training received from Cognex, together with proprietary and confidential information, in his employment with Euresys . . ." Reply, p. 6. This, too, is wholly devoid of factual or legal support. Cognex's reliance on other courts' enforcement in cases against other former Cognex employees in Europe of "the specific restrictive covenants set forth in the exact same agreement signed by Caron" offers no support for Cognex's likelihood of success on the merits of its claims, since the cases on which they rely all involved strictly *ex parte* proceedings (like the Superior Court proceedings against Mr. Caron). Further, Cognex's assertion that this Court "determined that [personal] jurisdiction was proper," Reply, p. 3, is simply wrong. This Court did not hold any evidentiary hearing on the merits of its personal jurisdiction over Mr. Caron, but simply applied the prima facie standard and deferred determination of personal jurisdiction until time of trial. *See Foster-Miller, Inc*. v. *Babcock & Wilcox Canada*, 46 F.3d 138, 146 (1st Cir. 1995). Finally, Cognex's desire to have an injunction extend for two years after the period when Mr. Caron allegedly was in violation has no basis in fact or law. While Cognex has failed to show that a two-year restriction is

4

necessary at all to protect any alleged goodwill or confidential information, it has itself determined that a two-year period following termination of employment is sufficient to protect any interests. Thus, the additional two years that Cognex seeks is not necessary to protect any legitimate business interests, but is simply designed to punish Mr. Caron for allegedly violating a purported agreement not to work for a competitor. *All Stainless, Inc. v. Colby*, 364 Mass. 773, 778 (1974) (holding that a post-employment noncompetition covenant is enforceable only as long as it is (1) necessary to protect a legitimate business interest).

Cognex has failed to substantiate its allegations with even the slightest evidence, and its application for a preliminary injunction should, therefore, be denied.

## CONCLUSION

For the foregoing reasons and for the reasons in Defendant's Opposition to Plaintiff's Application for Preliminary Injunction, Jean Caron requests that the Court <u>deny</u> Plaintiff's Application for Preliminary Injunction.

> Respectfully submitted,
> JEAN CARON
> By his Attorney(s),
>
> /s/  Sally L. Adams
> Sally L. Adams (BBO # 629688)
> SEYFARTH SHAW LLP
> World Trade Center East
> Two Seaport Lane, Suite 300
> Boston, MA 02210-2028
> Telephone:    (617) 946-4800
> Telecopier:    (617) 946-4801

DATED: July 11, 2005