## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COGNEX CORPORATION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.  04-12365 JLT |
| JEAN CARON | ) ) ) | |
| Defendant. | ) ) ) ) | |

## DEFENDANT'S OPPOSITION
## TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S ATTENDANCE AT DEPOSITION AND FOR SANCTIONS

Defendant Jean Caron ("Mr. Caron") submits this opposition to the mischaracterizations and misrepresentations in Cognex Corporation's ("Cognex" or "Plaintiff") Motion To Compel Defendant's Attendance At Deposition And For Sanctions (the "Motion" or "Plaintiff's Motion").  In its Motion, Plaintiff makes unfounded and scandalous accusations about alleged conduct by Caron's counsel.  The personal attacks by Plaintiff's counsel against Mr. Caron's is the very kind of incivility that both is unnecessary and should not be tolerated by this Court.

### I.     Cognex's Reply Misstates Facts and Distorts the Record

As its first distortion, Plaintiff claims that Mr. Caron's counsel "did not respond to the dates proposed by Cognex, or provide any alternate dates."  Plaintiff's Motion, ¶ 3.  As stated in the letter to which Plaintiff cites, the undersigned counsel said she would "respond to your proposed dates after we have had the opportunity to confer with our client." *See Exhibit C to Plaintiff's Motion*.

BO1 15725187

In a more serious distortion, Plaintiff claims that "Caron's counsel never responded to Cognex's May 26, 2005 letter." Plaintiff's Motion, ¶ 5. In fact, the undersigned counsel for Mr. Caron did respond. On June 10, 2005, the undersigned called attorney Jennifer Yelen, one of Plaintiff's counsel of record, to explain that the undersigned understood that she had been instructed to withdraw but was having difficulty communicating with Mr. Caron and could not agree to a deposition date.

Similarly, Plaintiff claims that "Cognex again received no response [to its June 14, 2005, letter]." Plaintiff's Motion, ¶ 7. In fact, the undersigned counsel for Mr. Caron spoke with Ms. Yelen again on June 23, 2005, and requested that Ms. Yelen provide information about the court reporter's and translator's cancellation policies in an effort to avoid having Plaintiff incur costs unnecessarily if Mr. Caron indicated he would not appear. And, the undersigned informed Ms. Yelen on June 27, 2005, that Mr. Caron did not intend to appear for deposition the following day, as Plaintiff has indicated. A copy of this e-mail exchange is provided as *Exhibit A*.

Plaintiff's assertion is patently false that "Caron's counsel often did not even extend the courtesy of responding to Cognex's repeated written requests concerning the scheduling of Caron's deposition." Plaintiff's Motion, ¶ 18.

Lastly, Plaintiff's Rule 37.1 Certification is inaccurate, at best. Attorney James O'Connell, another of Plaintiff's counsel of record, called the undersigned at approximately 12:35 p.m. on June 30, 2005. The conversation lasted less than five minutes and involved discussion of Plaintiff's intent to seek leave to file a reply to Mr. Caron's Opposition to the Application for Preliminary Injunction, the undersigned's request for time to inquire of the Court the status of her pending Motion for Leave to Withdraw (to which Mr. O'Connell agreed but did not honor), and a discussion of Mr. O'Connell's impending change of address and other contact

information.  There was no discussion of the issues presented in Plaintiff's Motion or any

attempt to "secure the disclosure with court action," as cryptically stated in Plaintiff's Motion.

CONCLUSION

For the foregoing reasons, Jean Caron requests that the Court <u>deny</u> Plaintiff's Motion To

Compel Defendant's Attendance At Deposition And For Sanctions.

                                        Respectfully submitted,
                                        JEAN CARON
                                        By his Attorney(s),


                                        _____/s/   Sally L. Adams_____
                                        Sally L. Adams (BBO # 629688)
                                        SEYFARTH SHAW LLP
                                        World Trade Center East
                                        Two Seaport Lane, Suite 300
                                        Boston, MA 02210-2028
                                        Telephone:    (617) 946-4800
                                        Telecopier:    (617) 946-4801


DATED:  July 11, 2005