UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

COGNEX CORPORATION,          )
      Plaintiff,                  )
                  )
      v.                          )          CIVIL ACTION NO. 04 12365 JLT
                  )
JEAN CARON,                  )
      Defendant.                  )

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Defendant, Jean Caron, having failed to plead or otherwise defend in this action and his default having been entered,

Pursuant to the requirements of Fed. R. Civ. P. 55(b), Plaintiff, Cognex Corporation, moves that this Court enter Default Judgment against Defendant, Jean Caron, in the form of a Permanent Injunction against Defendant consistent with the relief requested in paragraphs 1 - 3 of the Prayer for Relief contained in the Complaint filed in this action on August 2, 2004.

The Affidavits of James E. O'Connell, Jr., Esq. and Ulrich Starigk in support of this Motion are attached hereto and incorporate herein as Exhibits "A" and "B," respectively.

Plaintiff's Proposed Default Judgment is attached.

COGNEX CORPORATION,
By its attorneys,


_____ /s/ James E. O'Connell, Jr. _____
James E. O'Connell, Jr., BBO# 376475
Jennifer A. Yelen, BBO# 565205
SHILEPSKY O'CONNELL CASEY
HARTLEY MICHON YELEN LLP
225 Franklin Street
Boston, Massachusetts 02110-2898
(617) 723-8000

Dated: August 31, 2005

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COGNEX CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04 12365 JLT |
| | ) | |
| JEAN CARON, | ) | |
| Defendant. | ) | |
| | ) | |

## AFFIDAVIT OF JAMES E. O'CONNELL, JR. IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(b)

I, James E. O'Connell, Jr., being first duly sworn, do hereby depose and state as follows:

1.    Together with Jennifer A. Yelen, we are counsel for the Plaintiff, Cognex

Corporation ("Cognex"), in the above-captioned proceeding.

2.    On October 13, 2004, service of the following documents was made upon the

Defendant, Jean Caron ("Caron"), pursuant to the requirements of the Hague Convention:

(a)    Complaint;
(b)    Plaintiff's Application for Preliminary Injunction Pursuant to Mass.R.Civ.P. 65;
(c)    Plaintiff's Memorandum in Support of Application for Preliminary Injunction;
(d)    Proposed Preliminary Injunction;
(e)    Plaintiff's Motion for Ex Parte Temporary Restraining Order Pursuant to Mass.R.Civ.P. 65(a);
(f)    Civil Action Cover Sheet;
(g)    Civil Action Cover Sheet Instructions;
(h)    Temporary Restraining Order;
(i)    Summons and Restraining Order;
(j)    Exhibit "A" to Complaint;
(k)    Exhibit "A" to Plaintiff's Memorandum in Support of Application for Preliminary Injunction;
(l)    Exhibit "B" to Plaintiff's Memorandum in Support of Application for Preliminary Injunction;

(m)  Certified Copy of the Proposed Extension for Temporary Restraining Order;

(n)  Certification of Translation, dated August 18, 2004;

(o)  Certification of Translation, dated August 17, 2004; and

(p)  Attachments to Exhibit B to Plaintiff's Memorandum in Support of Application for Preliminary Injunction.

3.     Previous counsel of record for Caron, Sally Adams, Esq., filed her Notice of Appearance and that of her firm on behalf of Caron in connection with the above-captioned proceeding on November 8, 2004. On that same date, Caron, through his counsel, filed a Notice of Removal Pursuant to 28 U.S.C. § 1441(a) with this Court, and a Notice of Filing of Notice of Removal with the Middlesex Superior Court.

4.     On November 16, 2004, Caron filed a Motion to Dismiss for Lack of Personal Jurisdiction, Forum Non Conveniens, or Improper Service ("Motion to Dismiss").

5.     On January 3, 2005, this Court (Tauro, J.) denied Caron's Motion to Dismiss.

6.     On January 14, 2005, Caron filed a Motion for Reconsideration, which was denied by this Court (Tauro, J.), after hearing, on May 10, 2005.

7.     On or about July 7, 2005, Cognex applied for Entry of Default Judgment pursuant to Fed. R. Civ. P. 55(a).

8.     On August 1, 2005, this Court (Tauro, J.) granted Cognex's Application for Entry of Default Pursuant to Fed. R. Civ. P. 55(a) and entered default against Caron.

9.     This Affidavit is executed in accordance with Federal Rule 55(b) for the purpose of obtaining an entry of default judgment against Caron for his failure to answer or otherwise defend as provided for by the Federal Rules.

Signed under the pains and penalties of perjury this 31st day of August, 2005.


/s/ James E. O'Connell, Jr.
James E. O'Connell, Jr.

13271-11 Judgement(Default)AFF.doc

3

EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

COGNEX CORPORATION,
　　　　　Plaintiff,

v.

JEAN CARON,
　　　　　Defendant.

)
)
)
)
)
)
)
)

CIVIL ACTION NO. 04 12365 JLT

## AFFIDAVIT OF ULRICH STARIGK IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(b)

I, Ulrich Starigk, being first duly sworn, do hereby depose and state as follows:

1.　　　I have been employed by Cognex International, Inc., a wholly-owned subsidiary of Plaintiff, Cognex Corporation ("Corporation"), since October 1, 2000. Since then I have been serving as the Manager in Cognex International, Inc.'s Legal Department in France. I am an attorney licensed to practice in Germany. I work at Cognex's facility in Rueil-Malmaison, France.

2.　　　I make this Affidavit in support of Cognex's Motion for Entry of Default Judgment Pursuant to Fed. R. Civ. P. 55(b).

3.　　　Although not easily quantifiable, Defendant's conduct as described in the Complaint subjects Cognex to a substantial risk of irreparable harm. Since the termination of his employment with Cognex, and continuing to the present date, Defendant, Jean Caron ("Caron"), has violated and continues to violate the express and implied covenants in his employment agreement with Cognex (the "Caron Employee

Agreement") by:

    a.    accepting and continuing his employment with Euresys S.A. ("Euresys") following his employment with Cognex;

    b.    divulging, appropriating and using for his own economic and personal gain the confidential information obtained during the course of his employment by Cognex, including information pertaining to Cognex's trade secrets, technology, new product development, training and sales methods, customer lists and information, pricing and marketing practices;

    c.    competing with Cognex in the territory designated in the Employee Agreement; and

    d.    soliciting customers of Cognex for the purpose and with the effect of diverting such customers from Cognex to Euresys.

4.    As a direct and proximate result of the referenced wrongful and unlawful acts and breach of express and implied covenants of the Caron Employment Agreement, Cognex is subject to a substantial risk of irreparable damage to its business and to its goodwill. As Caron explicitly acknowledged and recognized in the Caron Employee Agreement, Cognex has no adequate remedy at law to rectify the injuries and harm proximately caused by Caron's breach of the express and implied covenants in the Caron Employee Agreement.

5.    Caron is not an infant or incompetent, and is not a person in the military service.

Signed under the pains and penalties of perjury this 31 day of August, 2005.

_____
Ulrich Starigk