UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COGNEX CORPORATION,<br>Plaintiff, <br><br>v.<br><br>JEAN CARON,<br>Defendant. | )<br>)<br>)<br>)    CIVIL ACTION NO. 04 12365 JLT<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF ULRICH STARIGK IN SUPPORT OF PLAINTIFF'S SECOND MOTIN TO SHOW CAUSE AND FOR ORDER OF CIVIL CONTEMPT

I, Ulrich Starigk, being first duly sworn, do hereby depose and state as follows:

1. I make this Affidavit in support of Plantiff's Second Motion To Show Cause And For Order of Civil Contempt.

2. I have been employed as Manager for the Legal Department of Cognex International, Inc., a wholly-owned subsidiary of Plaintiff, Cognex Corporation [collectively, "Cognex"], since October 1, 2000. I am an attorney licensed to practice in Germany. I work at Cognex's office in Rueil-Malmaison, France.

3. On August 31, 2005, I contacted Defendant, Jean Caron ["Caron"], by telephone at his place of employment, Euresys S.A. ["Euresys"]. Euresys is a direct competitor of Cognex. We spoke briefly and I confirmed that he continued to be employed by Euresys.

4. On September 13, 2005, a Default Judgment was entered in this action against Caron. The Judgment, inter alia, restrains and enjoins Caron from: "(1) engaging in or accepting employment with any business competitive with Plaintiff, including but not limited to Euresys S.A., in violation of his contract with Plaintiff. . ."

5. On October 24, 2005, I attempted to reach Caron to advise him of the entry of the Default Judgment. I first called him that morning and was advised that he was in a meeting but

would be available in the afternoon. When I called him in the afternoon, he refused to take my call, telling his receptionist to tell me that I should send an e-mail to him instead. That afternoon, I sent an e-mail to Caron at Euresys and attached a copy of the Default Judgment.

6. I understand that a copy of the Default Judgment was also mailed by Cognex's counsel to Caron at his place of residence.

7. On November 9, I tried again to reach Caron by telephone at Euresys. I was advised by the receptionist that he would not be in all week. I was finally able to speak with him on November 14, 2005 and to confirm his employment with Euresys with him directly.

8. It is clear that despite being aware of the entry of the Default Judgment precluding his employment with Euresys, Caron has remained employed by Euresys and is therefore in violation of that Judgment.

Signed under the pains and penalties of perjury this 21st day of November, 2005.

_____
Ulrich Starigk